EUGENE M. WILSON *vs.* HORACE THOMPSON and others, Trustees.

December 11, 1879.

**Administrator's Sale—Notice.**—The notice of a sale of real estate by an administrator was published on the sixth, thirteenth and twentieth of October, for a sale to be made November 1st. *Held*, that the three weeks' publication required by the statute (Gen. St. *c.* 57, § 35,) became complete October 27th, and that the sale, having been made within the week following, was valid.

Appeal by defendants from a judgment of the district court for Hennepin county, where the action was tried before *Young*, J., a jury being waived.

*Geo. L. & Chas. E. Otis*, for appellants, cited *Worley* v. *Naylor*, 6 Minn. 123 (192;) *Atkinson* v. *Duffy*, 16 Minn. 45; *Pratt* v. *Tinckom*, 21 Minn. 142; *Dayton* v. *Mintzer*, 22 Minn. 393; *Parsons* v. *Lanning*, 27 N. J. Eq. 70; *Olcott* v. *Robinson*, 21 N. Y. 150.

*Wilson & Lawrence*, for respondent.

GILFILLAN, C. J. Ejectment. Plaintiff claims under an administrator's sale; defendants under a conveyance by devisees in decedent's will. The only objection to the sale is to the publication, of notice. The sale was appointed for and took place on November 1, 1877. The first publication of the notice was on October 6th; the second, October 13th; and the third and last, October 20th. The statute (Gen. St. c. 57, § 35,) requires notice of sale in such case to be published "for three weeks successively next before such sale." It is conceded, and it could not well be disputed, that the three weeks of publication were not complete till October 27th. The objection is that four days elapsed after the three weeks and before the sale; and it is claimed that, to be regular, the sale ought to have been made on the next day after the three weeks. This would be a very narrow construction of the statute, and might lead to serious inconveniences in making such sales. In this case the sale was within the week after the publication became complete, and that was correct. The true reading of the statute is that there shall be a publication for full three weeks, one in each week next before that in which the sale takes place; in other words, that the sale may be made at any time within the week next after the three weeks of publication are complete.

Judgment affirmed.