STATE OF MINNESOTA, *ex rel.* Frank Nicolin, *vs.* BOARD OF COUNTY COMMISSIONERS OF SCOTT COUNTY.

### May 26, 1890.

Change of County-Seats—Publication of Notice.—Under Laws 1889, *c.* 174, relating to the removal of county-seats, the notice of the meeting of the county commissioners to act upon the petition of legal voters for a change of a county-seat must be published and posted as therein required, in order to give the commissioners jurisdiction to proceed.

Same—Publication held Insufficient.—Notice of a meeting to be held on the 27th day of May, published on the 15th and 22d days of May, respectively, is not a sufficient publication under the statute.

**Same—Duty of County Board when Notice is Sufficient.**—The determination of the question of the sufficiency of the notice is not an act involving the exercise of judicial discretion; and where the proceedings are regular, and the notice and proof of publication and posting is sufficient, which may be determined by inspection of the record, it is the duty of the commissioners to proceed and act upon the petition.

Appeal by the relator from an order of the district court for Scott county, *Edson,* J., presiding, quashing an alternative writ of *mandamus.*

*C. D. & Thos. D. O'Brien* and *F. J. Leonard,* for relator.

*James McHale, H. J. Peck,* and *Henry Hinds,* for respondent.

VANDERBURGH, J.   Upon the former appeal in this case from the order allowing a peremptory writ of *mandamus* against the defendants, county commissioners, directing them to act upon the petition of the relator and others for a change of the county-seat of Scott county, under the provisions of Laws 1889, *c.* 174, it was determined that the notice required by that act to be given was a condition precedent to action by the board upon the petition. *State* v. *Com'rs of Scott Co.,* 42 Minn. 284, (44 N. W. Rep. 65.)   This is an appeal from an order of the district court quashing and dismissing the subsequent writ of alternative *mandamus* allowed by the district court in the same matter, upon the motion of the respondents.   The principal grounds of such motion were that it did not appear by the record that the notice of the meeting of the board was published for the time or in the manner required by the act referred to; and that in so determining the action of the board was judicial, and not subject to be reviewed by *mandamus.*   We think the action of the court below should be sustained on the first ground.   The statute requires that the notice shall be published once in each week for *two* consecutive weeks, immediately *preceding* the time fixed therein for the special meeting, in all the newspapers printed and published in such county during such period, and that there should be posted a duplicate thereof in a public place in each organized town in the county, not less than 10 days prior to the time fixed in such notice for the meeting.   The special objection to the publication of the notice in this case is that the record conclusively shows that the notice was

published in each paper less than two weeks immediately preceding the meeting. The meeting was appointed May 27, 1889, while in none of the five newspapers in which the notice was published was the notice inserted prior to May 15th, and the second publication was on the 22d day of May, and in some cases as late as the 24th day of May. This was not a publication of two weeks' notice, as required by the statute. *Wilson* v. *Thompson,* 26 Minn. 299, (3 N. W. Rep. 699.) This objection is insuperable, and the commissioners were right in refusing to proceed under the notice. The proof of the posting of the notice in the several towns was also defective, in failing to show that the same was posted in a public place. The court might take notice that the post-office, court-house, and township bulletin-boards were public places, but not so as to the other places mentioned in the affidavit. If, however, the proof in this respect was not according to the fact, an amended or new affidavit might have been made.

With reference to further proceedings, it is proper to say that the court is of the opinion that the action of the board on the question of the sufficiency of the notice is not judicial, and does not involve the exercise of judicial discretion. The matter was to be determined upon inspection of the proof of publication, and if the proper notice was in fact given, and the proper proof thereof made, it would be the duty of the board to proceed, and take action upon the petition.

Order affirmed.