STATE ex rel. JUSTIN I. BROWN v. E. J. BUTLER and Others.[1]

August 2, 1900.

Nos. 12,180—(250).

## Removal of County Seat—Publication of Notice.

The publication of the notice of the meeting of the county board to act upon a petition for the removal of the county seat, in all of the papers of the county, for two full weeks, as provided by Laws 1889, c. 174, § 1, is a condition precedent to the power of the board to act upon the petition, unless such publication is prevented by the neglect or wilful refusal of one or more of the publishers of such papers.

## Same.

The notice in this case was not published for two weeks in all of the newspapers of the county. Nor was it prevented by the neglect or refusal of any publisher.

Writ of mandamus issued from the district court for Renville county to compel defendants, county commissioners and auditor of said county, to reconvene and reconsider a petition for removal of a county seat. The case was heard before Powers and Qvale, JJ., who found in favor of defendants. From an order denying a motion for a new trial, relator appealed. Affirmed.

*McClelland & Tifft* and *Childs, Edgerton & Wickwire,* for appellant. *A. V. Rieke, Geo. W. Somerville,* and *Lyndon A. Smith,* for respondents.

START, C. J.

A petition for the removal of the county seat of Renville county from Beaver Falls to Bird Island, pursuant to the provisions of Laws 1889, c. 174, was filed with the auditor of the county on August 3, 1899. Thereupon, and on the same day, the auditor made an order for a special meeting of the board of county commissioners of such county on August 23, 1899, to act upon the petition. He also made a notice stating the time, place, and purpose of such meeting, and caused it to be posted and published, except as hereinafter stated, in all of the newspapers printed and published in.

[1] Reported in 83 N. W. 483.

such county during such period, as required by law. The board met pursuant to the order and notice, and, after due deliberation, refused to consider the petition and adjourned on the ground that it had no jurisdiction in the premises. Thereupon the relator commenced this action to compel, by mandamus, the board to reconvene and reconsider the petition. The alternative writ was issued, and after hearing the matter the trial court made its findings of fact and conclusions of law to the effect that the writ be quashed and the action dismissed. The relator appealed from an order denying his motion for a new trial.

The trial court found, with other facts, substantially as follows: The Renville Times is and was a newspaper printed and published for several years last past at the village of Olivia, in the county of Renville, on Thursday of each week, by Henry Kelsey, as proprietor, and was so printed and published from August 3 to August 23, 1899, both inclusive. The county auditor caused to be delivered to him, at the office of his paper, at about the hour of seven o'clock in the morning of August 3, 1899, for publication therein on that day and on Thursday of the following week, the notice of the special meeting of the board to be held August 23, and then and there caused him to be paid for two publications of the notice. During the ten years last past it has been the invariable custom of Mr. Kelsey to have all matters going into any issue of his paper set up in type, and the forms of the paper closed, on the Wednesday evening prior to the publication of the paper; and all matter to go into the issue of the paper of August 3 was set into type, and the forms closed, on the night of August 2. At the time the notice was so presented to him for publication, he had commenced the printing of the issue for that day, and the notice was not published in the paper on August 3, but it was published therein on the 10th and 17th days of August, 1899. Mr. Kelsey did not wilfully fail, refuse, or neglect to print and publish the notice in the issue of his paper on August 3, nor did he lock the forms of the paper at an earlier hour than usual and customary, for the purpose of thwarting, impeding, or preventing the publication of the notice in the issue of August 3. The notice was not published in the issue of the paper of August 3 solely because it was not presented in time for publication therein.

This finding is sustained by the evidence, and the only other question which we deem it necessary to decide on this appeal is whether the finding sustains the trial court's conclusion of law to the effect that the board had no jurisdiction to proceed with the petition. The statute (Laws 1889, c. 174, § 1) required the notice of the meeting of the board to be published once in each week, for two consecutive weeks, immediately preceding the time fixed therein for such meeting, in all the newspapers printed and published in the county. It was not so published. It was not published in the Renville Times for two weeks next before the day fixed for the hearing of the petition. The first week's publication began August 10, and ended August 17. The second began on the latter date, and was completed August 24,—the next day after the day set for the hearing. Wilson v. Thompson, 26 Minn. 299, 3 N. W. 699. The publication of the notice in all of the papers in the county for the full two weeks is a condition precedent to the power of the county board to act upon the petition, unless such publication is prevented by the failure or refusal of the proprietors of one or more of such newspapers, within the meaning of the statute (Laws 1889, c. 174, § 9), which provides that no failure or refusal of any proprietor of any newspaper to publish the notice shall invalidate any of the proceedings. State v. Board of Co. Commrs., 42 Minn. 284, 44 N. W. 64; Id., 43 Minn. 322, 45 N. W. 614.

The real question then is, was the omission to publish the notice in question in the Renville Times for the full two weeks due to the failure or refusal of its proprietor to publish it in the issue of this paper of August 3? It would seem that the finding of the trial court to the effect that the notice was not published in such issue solely because it was not presented in time conclusively answers the question in the negative. But counsel for the relator claim that it is not only when the proprietor of the paper refuses to publish the notice that the omission is to be excused, but also when he fails to publish it, and that it is no matter why he fails, it is enough to know that he fails. It is quite obvious that this is a technical and an unsound interpretation of the statute. Pushed to its logical conclusion, it would lead to the absurd result that, if the notice was never delivered to any of the proprietors of the news-

papers of the county, the omission to publish the notice at all would be excused, because the proprietors failed to publish it. It is certainly beyond reasonable controversy that the word "failure," in the statute under consideration, is used in the sense of nonperformance of a duty (that is, as the equivalent of "neglect"), and that it is only when the omission to publish the notice in all of the newspapers in the county is due to the neglect or wilful refusal of a publisher the omission is excused. This is the interpretation given to the statute by this court in the case of State v. Board of Co. Commrs., supra, in which it was said:

"Although it is declared in section 9 of the act that no failure or refusal of the publisher of any newspaper to publish the prescribed notices shall affect the sufficiency of the notice, or invalidate the proceedings, it is apparent that the statute contemplates, as conditions precedent to the action of the county board upon the petition, that the prescribed notices shall be posted, and shall also be published in the newspapers unless that is prevented by the neglect or refusal of the publishers."

It may be conceded, as relator's counsel claim, that this ruling was not strictly necessary to a decision in that case; but it is nevertheless a correct statement of the law, and we so hold. The notice of the time and place of the meeting of the county board to hear the petition not having been published in all of the papers of the county, and such omission not having been caused by the neglect or refusal of any newspaper proprietor to publish the notice, it follows that the board never acquired jurisdiction to hear the petition. Therefore the conclusion of law of the trial court is sustained by its findings of fact as to the publication of such notice.

Order affirmed.