RICHARD S. HORTON, TRUSTEE IN BANKRUPTCY OF THE GREATER AMERICA EXPOSITION, v. STATE, EX REL. WILLIAM HAYDEN ET AL.

<table>
<tr><td>60</td><td>701</td></tr>
<tr><td>60</td><td>775</td></tr>
</table>

FILED NOVEMBER 8, 1900.   No. 11,517.

1. Peremptory Writ of Mandamus: NOTICE: PUBLIC OFFICERS. The statute authorizing issuance of a peremptory mandamus without notice has reference to cases in which the refusal of a public officer to discharge an official duty is so obviously inexcusable and the necessity for prompt action so imperative, that notice must be dispensed with in order to prevent a failure of justice.

2. ——: ——: PRIVATE CORPORATION. But while it is competent for the legislature to authorize courts in a proper case to coerce official action without notice and an opportunity to the recalcitrant to be heard, no such power can be exerted against a private corporation or the officers by which its functions are performed.

3. Judicial or Governmental Power: NOTICE: DAY IN COURT. No person can be deprived of his property or other valuable right by

the exercise of judicial or other governmental power, without notice to such person and reasonable opportunity to be heard in his defense.

4. **Pleading:** MANDAMUS: VERIFIED PETITION: ACTION OF TRIAL COURT. When the trial court has treated a verified petition for a writ of mandamus as a pleading, it will be so considered by this court when the case is brought here for review.

5. **Mandamus:** ADEQUATE REMEDY AT LAW. The writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law.

6. **Motion for New Trial.** A motion for a new trial is proper only where there has been a trial of an issue of fact on the pleadings.

7. **Final Judgment:** REVIEW. A final judgment based upon a pleading defective in substance may be reviewed without a motion for a new trial having been filed and ruled upon.

8. **Error:** PROPER PARTY. Any party prejudiced by a judgment rendered against him may, by taking the proper steps, have the same reviewed.

ERROR to the district court for Douglas county. Tried below before SCOTT, J. *Reversed.*

*James W. Hamilton, Geo. A. Day* and *Richard S. Horton,* for plaintiff in error.

*C. J. Smyth* and *George E. Prichett, contra.*

SULLIVAN, J.

This proceeding in error brings before us for review a judgment rendered by Cunningham R. Scott, one of the judges of the district court for the fourth district, allowing a peremptory writ of mandamus against the Greater America Exposition and certain of its officers. The application for the writ states that the Greater America Exposition is a corporation organized under the laws of the state of Nebraska for the purpose of holding an exposition and transacting business therein, with its principal place of business in the city of Omaha, Douglas county, Nebraska; that W. S. Streator is the auditor of said exposition, Dudley Smith is secretary thereof and

C. J. Smyth one of the directors and chairman of the executive committee of the corporation; that the board of directors of said corporation, pursuant to its articles of incorporation, had elected the following directors, C. J. Smyth, William Hayden, P. E. Iler, J. B. Kitchen and H. J. Penfold, an executive committee, of which C. J. Smyth was chosen chairman, and that said executive committee had all the powers of the board of directors when said board was not in session in reference to all matters which the board had not reserved to itself, and that the board of directors was not in session at the time referred to in the application, and had not reserved to itself the matters referred to in the application. The application further states that on the 3d day of July, 1899, Hayden Bros. had subscribed for $10,000 of the capital stock of the Greater America Exposition for the purpose of having the stock in that amount issued to them, but that about a month previous thereto the board of directors of the corporation had ordered the stock books of the corporation closed at noon, July 1, 1899, and that said stock, therefore, could not be and was not issued to them, and that the payment by them of $10,000 to the corporation was for the sole purpose of having issued to them said capital stock; that having learned these facts, they withdrew their subscription for said stock and presented to the executive committee of the corporation the claim that the $10,000 be returned to them; that on the 12th day of July, 1899, the said executive committee, at a regular meeting, resolved that the $10,000 should be returned to them on the ground that the officers of the executive committee had no right to accept any subscription for stock after the 1st day of July at 12 o'clock, and directed the auditor of the corporation to draw a warrant to them for the amount, and that their action in that regard was regular, lawful and in all respects the act of the corporation; that therefore the executive committee had determined that no money should be paid out of the treasury of the exposition, except upon a warrant drawn

upon the treasury, signed by the chairman of the executive committee and the secretary and auditor of the exposition, and that such warrants are ordinarily drawn and signed by the auditor in obedience to the orders of the executive committee, and by him presented to the chairman of the executive committee for his signature, and that said auditor, upon being requested so to do, had refused to draw and deliver to Hayden Bros. the warrant for $10,000, as he had been ordered to do by the executive committee. The application further states that the petitioners are without adequate remedy at law, and prays that a peremptory writ of mandamus might issue to the Greater America Exposition, W. S. Streator, auditor, Dudley Smith, secretary, and C. J. Smyth, chairman of the executive committee, commanding that said auditor draw and issue a warrant to and in favor of Hayden Bros. upon Frank Murphy, treasurer of the corporation, unconditionally ordering said treasurer to pay them the sum of $10,000 forthwith, and that said secretary and chairman of the executive committee sign and deliver the same to the petitioners. On July 15, 1899, Judge Scott considered this application at chambers and, without notice to the respondents and in their absence, allowed the peremptory writ. Afterwards the Greater America Exposition failed, and the plaintiff in error, having, as its trustee in bankruptcy, succeeded to its rights, entered his appearance in the district court of Douglas county and became, on his own motion, a party to the suit. He now contends that the peremptory mandamus was improvidently issued and that the judgment under consideration should be reversed. It will be noticed that while the special relief sought by the relators was merely the issuance of a warrant, the real object of the action was to obtain $10,000 alleged to be due from the corporation on an implied contract. The writ put Hayden Bros. in possession of the means by which the money claimed by them might be secured; it gave them the key to the corporate treasury. If the treasurer of

the corporation obeyed the command of the warrant which the auditor, secretary and chairman of the executive committee were required to issue, it is quite evident that the Greater America Exposition was, by the judgment in question, deprived of $10,000 without a judicial hearing, or, in other words, without due process of law. Section 648 of the Code of Civil Procedure declares: "When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance. In all other cases, the alternative writ must first be issued." This statute undoubtedly provides for the issuance of the peremptory writ without notice where the court or judge can clearly see that the refusal of the respondent to perform some duty resulting from his office, trust or station, can admit of no possible justification. Cases may arise in which the refusal of a public officer to discharge an official duty is so obviously inexcusable and the necessity for prompt action so imperative that notice must be dispensed with in order to prevent a failure of justice. In this class of cases the respondent loses nothing by the judgment and no right secured to him by either the state or federal constitution is infringed. But while it is doubtless competent for the legislature to authorize the courts in a proper case to coerce official action without notice and an opportunity to the recalcitrant to be heard, we are of the opinion that no such power can be lawfully exerted against a private corporation or the officers by which its functions are performed. It is a fundamental principle of justice that before a person can be deprived of his property, or any valuable right, by the exercise of judicial or other governmental power, he must be warned of the proceeding against him and be afforded a reasonable opportunity to be heard in his defense. *South Platte Land Co. v. Buffalo County*, 7 Nebr., 253; *Harwood v. North Brookfield*, 130 Mass., 561; *Shove v. Manitowoc*, 57 Wis., 5. In this case the peremptory mandamus was wholly un-

authorized and, but for the subsequent voluntary appearance of the plaintiff in error, the judgment allowing it would be certainly void. But even if Judge Scott had jurisdiction of respondents by virtue of the statute quoted, his decision would have to be reversed for the manifest error committed in assuming that there could be no valid defense to the action. The asserted right of Hayden Bros. is not clear, and it is not apparent that the refusal of the auditor to issue the warrant was inexcusable. The executive committtee may have rescinded its resolution, or the resolution may have been void because one of the relators participated in the meeting at which it was adopted. The trial judge had no information in regard to the matter other than that contained in the verified application, which is described in the record as a "petition" and which was evidently designed to serve the purposes of a motion and affidavit. All the facts upon which Judge Scott acted are in the record as part of the motion, and they also appear in the judgment allowing the writ. There is no sufficient reason why the relators' affidavit touching the matters upon which they based their claim to the warrant should be regarded as indisputable. *Home Ins. Co. v. Scheffer*, 12 Minn., 261; *State v. Board County Commissioners*, 42 Minn., 284.

There is also another ground for reversing the judgment, and that is the insufficiency of the facts upon which it rests to constitute a cause of action. "This writ," says the statute, "may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law." Code of Civil Procedure, sec. 646. If the Greater America Exposition was indebted to Hayden Bros., it was its duty to pay him; it was its duty to cause its servants to do whatever was necessary to cancel the debt. If the auditor refused to draw a warrant, the executive committee might discharge or displace him, or provide a different method of obtaining money from the corporate treasury. The failure of the auditor to issue a warrant was neither more nor less than the failure of

the corporation to pay its debt, an omission on its part to execute the purpose expressed in the resolution of its managing board. The remedy of the relators was to sue on their contract; they could not proceed against the auditor by mandamus or other form of action, for he owed them no duty. A different rule, of course, obtains where a claim has been allowed by the proper authorities of a municipal or public corporation, because the method by which such bodies make payment to their creditors is fixed by law. Their property can not be reached by execution, and the officers whose duty it is to issue and pay warrants can not be quickly deposed for non-performance of official duty. In this class of cases, therefore, mandamus is the creditors' only efficient remedy.

Having shown that the writ was improvidently issued, we will now inquire whether, according to the practice of this court, the judgment is subject to revision. Counsel for relators contend that it is not, because the errors committed by Judge Scott were not brought to his notice by a motion for a new trial. Upon this point it is, we think, sufficient to say that there was no trial or semblance of a trial. The petition, which, in the absence of an alternative writ, must be regarded as a pleading, was considered and held to state facts sufficient to entitle the relators to the relief demanded. The question decided was one of law and not of fact. A motion for a new trial is proper only where there has been a trial of an issue of fact on the pleadings. When judgment has been rendered by default and no issue of fact has been tried and determined, a motion for a new trial is not only unnecessary but is, as was said in one case, an unintelligible request. *Leach v. Sutphen,* 11 Nebr., 527; *O'Donohue v. Hendrix,* 13 Nebr., 255; *Farris v. State,* 46 Nebr., 857; *Corwin v. Thomas,* 83 Ind., 110; *Foley v. Foley,* 120 Cal., 33.

The case of *Clark v. Nebraska Nat. Bank,* 49 Nebr., 800, upon which counsel for relators confidently rely, has been carefully examined, and with respect to it we wish only

to remark that while it does decide that an order denying a motion to vacate a final order made in the absence of the defendant may be reversed on error, it does not decide that a final order or judgment so made or rendered may not be reviewed without such a motion.

Another argument of counsel for relators is that the judgment is not prejudicial to the corporation, and consequently should not be set aside. The Greater America Exposition was made a party to the action; the writ went against it; it was the real party in interest and as such had a right to defend for itself and for its agents. Under these circumstances there can be no doubt about its right to prosecute error. Not only is the petition insufficient to support the judgment, but the judgment itself shows upon its face that it should not have been rendered.

REVERSED AND REMANDED.