ARNE FOSS v. BOARD OF COUNTY COMMISSIONERS OF ROSEAU COUNTY.[1]

October 28, 1904.

Nos. 14,148—(44).

**Removal of County Seat.**

It is not a jurisdictional prerequisite that the affidavits attached to a petition for the removal of a county seat (G. S. 1894, § 647) include a statement that the parties executing the affidavits are signers of the petition.

**Publication of Notice.**

Publication of the notice of intention to circulate such petition is required in but one legal newspaper in the county.

Action in the district court for Roseau county by plaintiff, a resident taxpayer, to restrain defendant from acting upon a petition for the change of the county seat from the village of Roseau to the village of Badger. The case was tried before Grindeland, J., who found in favor of defendant and ordered that the temporary injunction be dissolved and the action dismissed. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*A. A. Miller* and *W. E. Rowe,* for appellant.

*R. H. Medicraft, Greeley E. Carr,* and *Geo. W. Somerville,* for respondent.

LEWIS, J.

Section 647, G. S. 1894, provides that the petition for a change of the county seat, when presented to the county auditor, shall be accompanied by the affidavit or affidavits of not less than two of the signers.

---

[1] Reported in 101 N. W. 71.

thereof, stating certain facts not necessary to repeat. In this case it was not stated in the affidavits that the parties executing the same were signers of the petition, and for that reason it is claimed the board of county commissioners did not acquire jurisdiction to proceed at the special meeting called by the county auditor pursuant to the petition.

The position is not well taken. The statute does not require that it shall be stated in the affidavits that the parties executing the same are in fact signers of the petition. According to section 648, the affidavits accompanying the petition and filed in the office of the county auditor, pursuant to the provisions of section 647, are prima facie evidence of the truth of the matters stated therein, and the board are authorized to receive any competent evidence offered before them bearing upon the matters committed to their determination. Since the affidavits are prima facie proof only of the facts stated therein, and the statute does not require the same to contain the statement referred to, the board of county commissioners acquired jurisdiction of the subject-matter, and, if the fact did not otherwise appear, it was competent for them to receive evidence to determine whether the parties executing the affidavits were in fact signers of the petition. In Tucker v. Board of Co. Commrs. of Lincoln Co., 90 Minn. 406, 97 N. W. 103, it was held that the statute requiring proof of posting to be filed in the office of the county auditor must be complied with in order to confer jurisdiction; but the case has no application here.

2. Section 647, supra, provides that public notice of intention to circulate the petition shall be given by the publication thereof in one or more newspapers of the county, if there be such newspaper, etc. There were three legal newspapers published in Roseau county, but the notice appeared in only one; and that a newspaper published in the village of Badger, to which place it was sought to remove the county seat. The publication was sufficient. The language is a little indefinite, but requires publication in but one paper. "In one or more of such newspapers of such county, if there be such newspapers," does not mean that the notice shall be published in all the newspapers in the county, no matter how many, but that it shall be published in at least one, if there be any in the county, leaving it discretionary as to further publication.

Judgment affirmed.