## J. H. MOORE v. A. J. MAYER.[1]

May 11, 1928.

No. 26,732.

**First notice of petition for removal of county seat gives that petition right to be considered by county board before any other.**

The voters who first give notice of intention to circulate (G. S. 1923, § 626) a petition for the removal of a county seat have the exclusive right of way for the consideration and disposition of their petition before any other such petition can be filed and have the consideration of the county board.

Counties, 15 C. J. p. 434 n. 43.

Defendant as county auditor of Scott county appealed from an order of the district court for Hennepin county, Waite, J. acting pursuant to G. S. 1923, § 9247, granting a temporary injunction enjoining defendant from calling a special election for the purpose of voting on the question of the removal of the county seat from Shakopee to Jordan. Affirmed.

*Geo. A. & C. H. MacKenzie, H. A. Knobel, George F. Sullivan* and *F. C. & H. A. Irwin,* for appellant.

*Odell & Fahey,* for respondent.

WILSON, C. J.

Appeal from an order granting a temporary writ of injunction.

On October 14, 1927, certain legal voters of Scott county subscribed a notice of intention to circulate a petition for the removal of the county seat from Shakopee to Lydia. A copy was delivered to the county auditor and an affidavit was filed with him on December 1, 1927, showing that the notice had been published and posted as required by the statute.

[1]Reported in 219 N. W. 458.

The Lydia petition was circulated between November 4 and December 1, 1927, and on the last date it was presented to the county auditor with the required signatures accompanied by the affidavits required by the statute. The auditor refused to file the petition because a petition had been filed for a removal to Jordan.

The Jordan petition was based upon a notice of intention to circulate a petition filed on October 25, 1927, by certain other legal voters of the county. This notice was posted as required by statute and was published in the Jordan Independent, a legal newspaper, on October 27 and November 3, 1927. The petition was circulated on November 12 and 14, 1927, and was filed November 14, 1927, at 4:22 p. m. with the required signers and having the statutory affidavits attached.

Upon the filing of the Jordan petition the county auditor called a special meeting of the county board to hear the petition December 2, 1927, at which time plaintiff, a voter and taxpayer in said county, appeared and objected in writing to the county board's hearing the Jordan petition for want of jurisdiction or authority because the Lydia petition was based upon a notice of intention to circulate such a petition given prior to the giving of such notice in support of the Jordan petition. The objection was ignored, and the board proceeded with its hearing and assumed to do the things required of it by G. S. 1923, § 627, and certified the names to the Jordan petition as exceeding 60 per cent of those voting in the county at the last preceding general election and delivered the list so certified to defendant, the county auditor, for filing. This action is for an injunction to enjoin the auditor from calling such special election thereon. A temporary injunction was granted.

Our principal inquiry relates to the rights, if any, acquired by the voters who first filed their notice of intention to circulate such a petition. Does it give to such petitioners for a limited time the first right to have their petition submitted to a vote of the people?

We do not need to go beyond the borders of our own state to discover historical facts showing aggressive, heroic and, at times, somewhat sinister acts to which men will resort in their zeal to

accomplish their design for the removal of the seat of government, whether it be county or state. The legislature has seen fit to establish a definite course of procedure for the change of a county seat. G. S. 1923, §§ 625-628.

Such a proceeding is initiated by petition. The validity of such a petition rests upon the condition precedent of two weeks' published and posted notice of intention to circulate such petition. This requirement is grounded in an intention to have an orderly procedure and a desire to avoid heated and hasty acts in an effort to get a petition first considered, as well as to put all interested persons upon inquiry so that they may prepare to oppose the holding of such election. It seems to us that the purpose of this requirement was to give the persons who wished to initiate such an important action an opportunity to go about it in a deliberate way and have their solicitation for signers preceded by the publicity incident to the two weeks' printed and published notice. The voter is thus furnished an opportunity to consider before being asked to sign, and he is less likely thereafter to change his mind and withdraw under pressure from the opposition. In contemplation of the opportunity for deliberate procedure it would appear that the notice of intention so beneficial to the public must have been intended to carry reciprocal advantages to the petitioners.

The statute does not expressly say that a county board cannot consider two competing petitions for a county seat removal at the same time, but we have so construed the legislative intent. Streissguth v. Geib, 67 Minn. 360, 69 N. W. 1097.

It is urged by respondent that the statute directs the county auditor to file the petition for removal when it is presented and that it is his clerical duty without discretion. But he is charged with certain duties. He must ascertain whether the petition conforms on its face to the requirements of the statute and bears the required number of signers. There is no inconsistency in requiring the auditor also to ascertain whether the statutory notice of intention to circulate the petition has been given. When the requirements of the law are fulfilled the auditor must file the petition. In other words, the petition which must be filed must be legal.

We must credit to the legislature an intention to have the notice to circulate the petition serve all reasonable purposes. Upon respondent's theory it would have a very limited purpose.

It has heretofore been considered that the petition first filed has the exclusive right of way. Streissguth v. Geib, 67 Minn. 360, 69 N. W. 1097. But there has never been any occasion to consider the question now before us.

The statutory provision for notice of intention to circulate a petition is a notice provision and requires publication to be made as well as by posting at three public places in the county seat. It is highly improbable that the auditor would have any difficulty in determining whether the particular petition rests on priority of notice. If the possibility of confusion incident to determining what notice was given first is considered serious, the legislature may readily provide a remedy.

The fact that, if we hold the field open to others after such notice has been given, the door would be open for fraud and conduct not in harmony with the public welfare and not in harmony with the spirit and purpose of the removal statute, leads us to the conclusion that the legislature did not so intend.

We are of the opinion that the Lydia petitioners by virtue of their first notice of intention to circulate such petition had the exclusive right of way. They were entitled to an orderly disposition of their petition before any other such petition could be filed and have the consideration of the county board.

Affirmed.

HILTON, J. took no part.