IN RE PETITION FOR CHANGE OF COUNTY SEAT OF SCOTT COUNTY.[1]

November 9, 1928.

No. 27,020.

**What is jurisdictional in presenting to auditor petition for change of county seat.**

In a petition for the change of a county seat the giving of a notice of intention to circulate a petition as prescribed by G. S. 1923, § 626, is jurisdictional. If the notice is given the proof may be filed with the county auditor later and before he gives notice of the calling of a special meeting of the county board to consider the petition for a change as he is required to do by § 625. The filing of proof of the serving of such notice with the county auditor at the time of the presentation of the petition for a change is not jurisdictional.

Counties, 15 C. J. § 72 p. 431 n. 87.

Certiorari upon the relation of the petitioners for a change of the county seat from Shakopee to Lydia in Scott county to review the action of the county board in striking their names from the petition and denying a special election. Order of county board vacated and proceeding remanded.

*Arthur J. Phil Jelinek,* for relators.

*H. A. Irwin,* County Attorney, for respondent.

DIBELL, J.

Certiorari to review the action of the county board of Scott county in adopting a resolution on June 9, 1928, striking from the petition of the petitioners for a change of the county seat of Scott county from Shakopee to a location designated as Lydia all the names affixed to the petition, upon the ground that they were not affixed within 60 days prior to May 21, 1928, which was the day which the board found to be the one on which the petition for a

[1]Reported in 221 N. W. 870.

change of county seat was filed with the county auditor, and denying a special election as prayed in the petition.

G. S. 1923, § 625, provides that when a petition in a prescribed form is presented to the county auditor and it appears that the notice of intention to circulate a petition for which provision is made in § 626 has been given, he shall file the petition and call a special meeting of the board to consider it not less than 15 nor more than 20 days after the filing. It is essential that the signers of the petition authorized by § 625 attach their signatures within 60 days prior to the affidavits in proof of their signing.

On December 1, 1927, the petitioners presented to the county auditor a petition sufficient in form under § 625 and with sufficient proof of signing. The proof of posting the notice of intention required by § 626 was insufficient. This is conceded. The county auditor declined to file the petition upon the ground that there was pending a petition asking a removal of the county seat to Jordan but gave a receipt stating the reason for his refusal and retained the petition.

Soon afterwards a taxpayer brought an action for an injunction restraining the county officials from calling a special election to change the county seat to Jordan. A temporary injunction was granted. The order granting it was affirmed on May 11, 1928. Moore v. Mayer, 174 Minn. 397, 219 N. W. 458. The ground of the decision was that the voters giving the first notice of intention to circulate a petition had the first right of hearing provided for by §§ 625, 626. It was assumed that the Lydia petition was first and had the prior right. No one suggested the contrary.

After the decision on appeal proof of posting the notice of intention was supplied, and the auditor marked the Lydia petition filed as of May 21 and gave notice of a hearing by the county board on June 9, 1928. On the hearing the order striking the names affixed to the petition was made and a special election was denied. The reason for the board's order was that proof of service of the notice of intention was not filed with the petition for a change nor until May 21. If the filing with the county auditor of proper proof

of the posting of the notice of intention to circulate the petition was jurisdictional the county board was right. If it was not jurisdictional and the jurisdictional fact was the service of the notice and not the filing, the county board was wrong, for the notice of intention was in fact properly posted.

Our view is that the jurisdictional fact was service within the time fixed and not the filing of proof with the county auditor with the petition for a change; and that service having been made prior to December 1, 1927, when the petition was presented to the county auditor, and proof supplied when the county auditor gave the notice of May 21, the board had jurisdiction. This so, the Lydia petition was effective from December 1, 1927, and the board should have proceeded with the hearing when it met on June 9, 1928, in special session.

The claim that the board was without jurisdiction is extremely technical. We have examined all of the cases cited. The case of Tucker v. Commrs. of Lincoln County, 90 Minn. 406, 97 N. W. 103, is much relied on. In that case there was lack of proof when the board met. Here there was proof when the auditor gave his notice on May 21 and when the county board met on June 9. The cases are fairly distinguishable. Neither Foss v. Commrs. of Roseau County, 93 Minn. 238, 101 N. W. 71, nor State ex rel. Nicolin v. Commrs. of Scott County, 43 Minn. 322, 45 N. W. 614, has an important bearing. We hold that the county board had jurisdiction. We have considered the claim that the relators abandoned or waived their rights under the petition by delay and do not think it well taken.

The writer is of the view that certiorari is not the proper remedy.

The order of the county board is vacated and the proceeding remanded.

STONE, J. (dissenting).

When tendered for filing December 1, 1927, the Lydia petition was not accompanied by the prima facie proof of posting required to give it legal effect. I think the auditor might have refused for that reason to file it. That he did refuse but for another reason does not change the situation. Whatever his assigned reason for refusal, he

could not have been compelled by mandamus to file and proceed upon a petition which was defective for any reason.