STATE, EX REL. PLATTE VALLEY IRRIGATION DISTRICT, APPEL-LANT, V. ROY L. COCHRAN, GOVERNOR, ET AL., APPELLEES.

297 N. W. 587

FILED APRIL 9, 1941. No. 31114.

*Hoagland, Carr & Hoagland,* for appellant.

*Walter R. Johnson, Attorney General,* and *John Riddell, contra.*

*Beeler, Crosby & Baskins, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an appeal by the relator from an order of the district court for Lincoln county vacating and setting aside a peremptory writ of mandamus.

The record shows that relator filed an affidavit and petition for a peremptory writ of mandamus on August 14, 1940, alleging that it was the owner of an appropriation of water from the North Platte river for irrigation purposes for 300 cubic feet of water per second of time with a priority date of May 31, 1884. It is alleged that the governor, state engineer and chief of the bureau of irrigation, the officers charged by law with the supervision and control of the public waters of the state, have failed and neglected, and on the date of the filing of the affidavit and petition failed and neglected, to enforce the irrigation laws of the state by requiring junior appropriators of water on the North Platte river and its tributaries above the headgate of the relator irrigation district to close their headgates and canals to permit the water of the stream to flow down to the intake of relator's canal, thereby depriving relator of irrigation water to which it was entitled by virtue of its appropriation. Among the junior appropriators alleged to be wrongfully taking water from the stream is the Platte Valley Public Power and Irrigation District, which will be referred to as the public power district. The public power district has appropriations dated January 13 and February 8, 1934, and March 8, 1937. In order to divert its appropriation from the stream, a diversion dam was constructed at Keystone, Nebraska, on the North Platte river above the headgates of the irrigation district. The affidavit and petition state that demands were made upon the bureau of irrigation to release the water above the public power company's diversion dam prior to the filing of the petition and that such demands were refused. The affidavit and petition were thereupon filed and a peremptory writ of mandamus granted without notice on August 14, 1940. The writ directed the respondents to immediately issue an order, releasing to the relator irrigation district a

continuous flow of 100 cubic feet of water per second of time from the public power company's diversion dam as long as there is any quantity of water behind the diversion dam, in addition to the natural flow of the stream, until such time as relator's appropriation is procured at its headgate from other sources. The writ was served on the respondents on August 15, 1940. On August 23, 1940, the court, on its own motion, vacated and set aside the peremptory writ of mandamus. On August 24, 1940, relator moved to vacate the order of August 23, 1940. The motion was overruled on the day it was filed and an appeal taken to this court.

It is the contention of the respondents that the court did not have authority to enter the peremptory writ of mandamus on August 14, 1940, without notice to the respondents. It is provided by section 20-2159, Comp. St. 1929, as follows: "When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance. In all other cases, the alternative writ must be first issued." This statute was discussed in *Horton v. State*, 60 Neb. 701, 84 N. W. 87, as follows: "This statute undoubtedly provides for the issuance of the peremptory writ without notice where the court or judge can clearly see that the refusal of the respondent to perform some duty resulting from his office, trust or station, can admit of no possible justification. Cases may arise in which the refusal of a public officer to discharge an official duty is so obviously inexcusable and the necessity for prompt action so imperative that notice must be dispensed with in order to prevent a failure of justice. In this class of cases the respondent loses nothing by the judgment and no right secured to him by either the state or federal Constitution is infringed."

We are convinced that the allegations of the affidavit and petition are not such that the trial court could assume them to be indisputable. As was said in *State v. Harrington*, 78 Neb. 395, 110 N. W. 1016: "It is only where there

is no room for controversy as to the right, and where from the nature of the facts set forth in the affidavit the court can take judicial knowledge that a valid excuse is impossible, that a writ may issue without notice." We think the allegations of the affidavit and petition admit of controversy. In the first place, relator's appropriation can be taken only from the natural flow of the stream during the irrigation season. It is altogether possible that the waters behind the public power company's diversion dam were accumulated during the nonirrigation season, in which relator would have no right by virtue of his appropriation. It is likewise possible that a usable quantity of water might not reach relator's headgate, even if the water were released in accordance with the writ. Other persons, not parties to the suit, might well have interests superior to those of relator, which respondents are obligated to protect. In such cases, where it is impossible for the district court to have knowledge that no valid excuse could be given for not performing the alleged duty, no power exists to issue a peremptory writ without the respondent having been notified of the pending proceedings.

Notice of intention to apply for a peremptory writ of mandamus is not sufficient notice. An action to procure such a writ is not begun until a motion and affidavit, or a petition verified positively, have been filed. The notice required must be given thereafter of the pendency of the application and of the time and place where it will be heard. *State v. Harrington,* 78 Neb. 395, 110 N. W. 1016. The issuance of a peremptory writ in a case requiring notice is of no force and effect. The trial court apparently recognized its error in issuing a peremptory writ, and on its own motion set the order aside. The trial court not only had the power to do this, but it was its duty to do so.

The judgment of the trial court is affirmed.

AFFIRMED.