## HATTIE S. BUSS v. ESTATE OF JANE A. BUSS.

*Estate of deceased person—Final account of executor—Settlement of estate.*

A (*solvent*) estate cannot be held to be fully settled, and the executor's or administrator's duties as such closed, until he has paid the debts of the estate and the legacies provided for in the will, and filed with the judge of probate evidence in some form of such facts.

So *held*, where without such payment the executor's final account was allowed, but no order made for his discharge, and the petition of a residuary legatee showing such non-administration, and the existence of both real and personal estate to be administered, and praying for the appointment of an administrator, to complete such administration, was denied.

| | |
|---|---|
| 75 | 163 |
| f121 | 579 |
| 75 | 163 |
| e125 | 32 |
| 75 | 163 |
| d127 | 697 |
| 75 | 163 |
| 134 | 501 |

Error to Kent. (Judkins, J., presiding.) Argued February 5 and 6, 1889. Decided June 14, 1889.

Order of probate court, affirmed in circuit court, denying petition of residuary legatee for appointment of an administrator to complete the administration of an estate, reversed, and circuit court directed to enter the order prayed for, and certify same to probate court. The facts are stated in the opinion.

*Tatem & Quinsey*, for appellant.

*William Aldrich Tateum,* for estate.

SHERWOOD, C. J.    Jane A. Buss, on the twenty-fifth day of August, 1879, made her last will, disposing of all of her property, and made David M. Woodward her executor.

She died on the twenty-fourth day of September, 1884, and her will was admitted to probate in the county of Kent on the seventh day of January, 1886, and the executor named in the will was duly appointed as such, and entered

upon its execution, after giving the bond required by the judge of probate.

He filed an inventory of the estate, and appraisers were duly appointed, who returned an appraisal of the estate, showing real estate of the value of $14,840, situate in Grand Rapids, and consisting of lots and parts of lots, with water-power and buildings thereon, used for manufacturing machinery in connection with a foundry; also showing personal property belonging to the estate of the value of $4,549, consisting of tools, machinery, etc., situate on said lot:.

The inventory, with the appraisal, was duly filed, and commissioners to adjust claims against the estate were duly appointed, who made return of the indebtedness allowed by them on the third day of November, 1886, to the amount of $5.12.

There were mortgages upon the property, upon which there was owing by the deceased at the time of her death about $5,000.

On the thirteenth day of November, 1886, the executor filed what purported to be his final account, from which it appears that the total value of the real and personal property, after the payment of all debts and expenses, and after the payment of the first five legacies named in the will (which amounted to $1,003), was $19,389.

There were three other legatees named in the will, who were to receive one-fourth of the property after the payment of the debts and expenses, and after the first-mentioned five legatees had received payment in full of their legacies, and who claim never to have received their legacies, or any part thereof.

The will further provided that, after the payment of the foregoing eight legacies, Hattie S. Buss should receive the remainder of the estate of the testatrix.

The will also provides that the property of the estate should remain undivided, and the business in which it was

then used might be continued by her husband and her sons, without payment of rent or otherwise, until the first day of January, 1885, and that her executor should hold the property in trust for that purpose until that date, when such trust should terminate.

It was under such circumstances that the said account of the executor was filed and asked to be allowed.

A day was set for the hearing, and proper notice given thereof, at which time, no one appearing to object, the judge of probate allowed said account as the final account of the executor; but the decree contains no order discharging the executor.

This decree was made on the thirteenth day of December, 1886.

The executor died on the twenty-third day of October, 1887.

The residuary legatee, Hattie S. Buss, on the thirty-first day of October, 1887 filed her petition, alleging that said estate has not been fully administered, that both real and personal estate remain to be administered, and praying for the appointment of an administrator to complete the administration of the same.

A hearing was duly had upon said petition before the judge of probate, who entered a decree dismissing the petition, on the ground that said estate had already been duly administered.

The petitioner took an appeal from the decree to the circuit court for the county of Kent, where a rehearing was had, and a like judgment was entered as that made by the probate judge.

Petitioner now brings the case to this Court by writ of error.

The account and proceedings on the accounting show that the debts are not all paid, and that the legacies are not all

paid, and therefore the administration of the estate was not fully completed.

It nowhere appears to have been adjudicated whether there was any estate left for the residuary legatee, and this amount, if any, could not be known until the estate was fully administered, and the debts and the other legatees were all paid.

The petitioner has a right to have this done. She does not seek by her petition to reopen the account of the executor already settled and adjudicated, but asks that she may have the aid of an administrator in her endeavors to ascertain her interests, and the extent thereof, under the will; and this is a right of which no legatee can be deprived. Neither the decree of the probate court nor the order of the circuit court finds that the estate has been fully administered, nor that the legacies have all been ascertained or paid. That of the probate court is to the effect that the account is correct.

No order will be regarded as finally disposing of the duties for an administrator in the settlement of an estate if the probate records show property undisposed of belonging to the estate, and debts or legacies remaining unpaid.

An estate cannot be held to be fully settled, and the executor's or administrator's duties as such closed, until he has paid the debts of the estate and the legacies provided for in the will, and filed with the judge of probate, in some form, evidence of these facts.

We think the probate court should have granted the prayer of the petitioner under the showing she made in this case, and that the circuit court should have so held, and the action taken in both of said courts dismissing her petition must be set aside, and the prayer contained therein must be granted, and the circuit court will enter an order accordingly, and certify the same to the probate court, and petitioner will be allowed to recover her costs in this Court and at the circuit against the respondents.

The other Justices concurred.