## COLE *v.* SHAW.

1. ESTATES OF DECEDENTS — RESIDUARY LEGATEE — DISCHARGE — FAILURE TO PAY LEGACY—ADMINISTRATOR DE BONIS NON.

   Where an executrix has secured her discharge, and the cancellation of her bond as residuary legatee, without giving notice, by publication or otherwise, to a legatee, the probate court may appoint an administrator *de bonis non* with the will annexed, under the provisions of 3 Comp. Laws, § 9334, in default of her filing a new residuary legatee's bond.

2. SAME—NOTICE—JURISDICTION.

   An order of the probate court discharging an executrix who has given a bond as residuary legatee, without notice to one whose legacy has not been paid, is without jurisdiction, and does not relieve the estate.

3. WILLS—ANNUITY—LEGACY—EXECUTOR'S ACCOUNT—NOTICE.

   Where a will directed the payment of the sum of $300 annually, in quarterly installments, to testator's sister as long as she lived, the annuity should be treated as a legacy, and the legatee is therefore entitled to notice of the settlement of the executor's account. 3 Comp. Laws, § 9441.

Error to Kent; Perkins, J. Submitted June 9, 1903. (Docket No. 49.) Decided September 30, 1903.

Petition by Martha L. Cole against Louise B. Shaw to compel defendant to give a new bond as residuary legatee, or, in default thereof, for the appointment of an administrator *de bonis non*. The petition was denied in both the probate and circuit courts, and petitioner brings error. Reversed.

*Elvin Swarthout,* for appellant.

*Butterfield & Keeney,* for appellee.

MONTGOMERY, J. John L. Shaw died in 1900, leaving a will, in which he gave and bequeathed to his wife,

Louise B. Shaw, all his real and personal estate, subject, however, to a provision for his sister, which is as follows:

" It is my will, and I give and direct, that the sum of three hundred dollars in money be paid to my said sister annually for her use and support as long as she shall live, and that it be paid to her by my executrix in equal sums of seventy-five dollars each, at the end of every three months from and after my decease."

The will further directed that no inventory of his estate be required, and named his wife as sole executrix, and requested that she be required to furnish no bond. Mrs. Shaw qualified as executrix, and gave a residuary legatee's bond in the sum of $5,000, which was conditioned to pay, or cause to be paid, all debts, legacies, and charges chargeable on said estate without fraud or delay. Six months were given from the filing of the bond for proving claims.

At the expiration of this period, the executrix filed a petition in the probate court, representing that all debts against the estate and all administration expenses had been paid, and that the estate had been closed against claims, and praying to be released and discharged as such executrix, and to have her official bond canceled. No notice of the filing of this petition, or of any hearing thereon, was published, and no notice was given to the legatee. On the same day the petition was filed, the probate court entered an order discharging, exonerating, and acquitting the executrix from all liabilities and troubles concerning her trust, and canceling the official bond, and revoking the letters testamentary that were granted. The bond itself was delivered up and removed from the files. Learning of this action something like a year after it was had, the petitioner filed her petition in the probate court, asking that the residuary legatee be compelled to file a new bond, and, in default thereof, that an administrator *de bonis non* with the will annexed be appointed to take charge of the estate. This petition was dismissed by the probate court, and that action affirmed on appeal to the circuit court.

Our statute (section 9334, 3 Comp. Laws) provides that when an administrator shall be removed, or his authority extinguished, the court of probate may commit administration of the estate not already administered to some suitable person.   This statute seems to apply to the present case, as it appears that the legacy provided to be paid to petitioner has not been paid, and the estate in the hands of the executrix, even though a residuary legatee's bond was given, is chargeable with this legacy.   *Lafferty* v. *Bank,* 76 Mich. 35 (43 N. W. 34).

It would not do to say that the order of the probate court discharging the executrix has barred the petitioner of the right to have an administrator *de bonis non* appointed, as the proceeding in which this action was taken was one to which she was not a party.   She had no notice of the proposed action, nor is there any finding of the court that the legacy provided for in the will has been paid.   Petitioner's rights were in no way considered, and it is difficult to see how, without notice, they could have been adjudged in that proceeding.   If we assume that the court had power to discharge the executrix, there was no power to relieve the estate from the payment of the legacy, and any attempt to do so without notice to the legatee would be an act without jurisdiction. *Buss* v. *Buss' Estate,* 75 Mich. 163 (42 N. W. 688).

We do not overlook the contention of defendant that this annuity is not to be treated as a legacy, but we think the language of the will is clear, and that it is a legacy, and that the legatee was entitled to notice.   See section 9441, 3 Comp. Laws; *Morton* v. *Johnston,* 124 Mich. 561 (83 N. W. 369).

The order of the circuit and probate courts will be reversed, and the case remanded, with direction to enter an order that the executrix file a new bond, in a sum to be fixed by the probate court, within 20 days from notice of such order, or that in default thereof an administrator *de bonis non* be appointed.   The petitioner will recover costs of both courts.

The other Justices concurred.