*In re* LUCIER ESTATE

GRAVES v MEYERS

Docket No. 72485. Submitted April 30, 1984, at Marquette.—Decided
   October 15, 1984.

   Clarence J. Lucier died on September 8, 1979, apparently intes-
   tate. The Marquette Probate Court, Michael J. Anderegg, J.,
   appointed a niece of the decedent, Jean M. Graves, as personal
   representative of the intestate estate. Proofs of claim alleging
   debts owed by the decedent were filed on behalf of June Meyers
   and Ted Becklund. On December 9, 1979, a hearing was held on
   those claims, but, because Meyers and Becklund were not
   present, the probate court granted the estate 30 days to pay the
   claims, effect a compromise or file written objections. The
   estate subsequently filed written objections to the claims, but
   no hearing was ever held relative to the objections nor was
   there any disposition of the claims. Graves filed a final account.
   A hearing was held on May 12, 1981, on that account. Meyers
   and Becklund were not served with the final account nor were
   they given notice of the hearing and, accordingly, did not
   attend the hearing on the final account. The probate court
   approved the final account, a distribution of the estate was
   made and, on July 7, 1981, an order was entered which closed
   the estate and discharged the personal representative. On July
   8, 1981, a last will and testament of the decedent was filed with
   the probate court, the will having been discovered on June 26,
   1981, by the purchaser of the decedent's home. The probate
   court notified Graves, as former personal representative of the
   estate, Meyers, as a potential beneficiary, and others of the
   existence of the will. The probate court also indicated that the
   will would not be admitted to probate. Meyers petitioned to
   reopen the estate for the purpose of disposing of the claim

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Executors and Administrators §§ 514, 600.
   80 Am Jur 2d, Wills §§ 879, 880.
   Right to probate subsequently discovered will as affected by com-
      pleted prior proceedings in intestate administration. 2 ALR4th
      1315.
[2] 31 Am Jur 2d, Executors and Administrators §§ 121, 545.

previously filed on her behalf and to admit the newly-discovered will to probate. The probate court granted the request to reopen the estate for the purpose of disposing of the claims of Meyers and Becklund, but denied the request to admit the will to probate. The order denying the admission of the will to probate was appealed to the circuit court. The Marquette Circuit Court, Edward A. Quinnell, J., overruled the probate court and remanded the matter back to the probate court. Graves sought leave to appeal to the Court of Appeals from the circuit court's decision. Leave to appeal was denied. Docket No. 67415, order of April 6, 1983. On remand from the circuit court, the probate court entered an order admitting the will to probate and appointing Meyers as personal representative. Graves appealed as of right from the order of the probate court admitting the will to probate. *Held:*

1. The Revised Probate Code provides that a newly-discovered will may be admitted to probate after the final distribution of an estate has been made where the personal representative has committed gross negligence. The filing by a personal representative of a final account prior to disposition of all claims against the estate and without giving proper notice of the hearing on the final account to unpaid claimants against the estate is gross negligence within the meaning of the newly-discovered will provision of the Revised Probate Code. The gross negligence of a personal representative necessary to trigger the Revised Probate Code's provision for reopening a closed estate for the purpose of admitting a newly-discovered will to probate need not be related to the newly discovered will itself.

2. A probate court may close an estate and discharge the fiduciary only upon the allowance of the final account and a showing by the personal representative that all claims, taxes, devises and other charges for which the estate is liable have been paid.

Affirmed.

1. WILLS — NEWLY DISCOVERED WILL — FINAL DISTRIBUTION —
   PERSONAL REPRESENTATIVES — GROSS NEGLIGENCE.

A newly-discovered will may be admitted to probate after the final distribution of a testate or intestate estate where the personal representative or an interested party has committed wilful fraud or gross negligence; the filing by the personal representative of a final account prior to disposition of claims against the estate and without the giving of proper notice of the hearing on the final account to unpaid claimants against the estate is gross negligence within the meaning of the statute

which permits admitting a newly-discovered will to probate after a final distribution of the estate where there has been gross negligence by the personal representative; the gross negligence necessary to admit the newly-discovered will to probate need not be related to the newly-discovered will itself (MCL 700.173[5]; 27.5173[5]).

2. COURTS — PROBATE COURTS — DECEDENT'S ESTATES — FINAL ACCOUNT.

A probate court may close an estate and discharge the fiduciary only upon the allowance of the final account and a showing by the personal representative that all claims, taxes, devises and other charges for which the estate is liable have been paid (MCL 700.563[2]; MSA 27.5563[2]).

*McDonald, Shortley & Collins* (by *Rush M. Shortley*), for Jean M. Graves.

*Hansley, Neiman, Paterson, Beauchamp, Stupak & Bergman, P.C.* (by *John M. Bergman*), for June E. Meyers.

Before: MACKENZIE, P.J., and J. H. GILLIS and J. B. SULLIVAN,* JJ.

MACKENZIE, P.J. Appellant appeals as of right from an order of the Marquette County Probate Court admitting the will of decedent, Clarence Joseph Lucier, to probate. We affirm.

Decedent Lucier died on September 8, 1979, apparently intestate. On October 4, 1979, his niece, Jean M. Graves, was appointed personal representative of the intestate estate, and the court determined that Lawrence Courter and Peter Syers, nephews of the decedent, were the only two other heirs of the decedent.

On November 30 and December 6, 1979, proofs of claim alleging debts owed by the decedent were filed on behalf of June Meyers and Ted Becklund. On December 9, 1979, a hearing was held on

* Circuit judge, sitting on the Court of Appeals by assignment.

presentment of claims. Meyers and Becklund were not present at this hearing. The probate court directed the estate be granted a 30-day period to either pay the claims, effect a compromise settlement, file written objections, or file motions for more definite statements of the claims. The estate subsequently filed written objections to the two claims, but no hearing was ever held on the objections or disposition made of the claims.

The final account of the personal representative was filed and on May 12, 1981, a hearing was held on the account. Neither June Meyers nor Ted Becklund was served with the final account or given notice of the hearing thereon. At the conclusion of the hearing, the probate court entered an order approving the final account and assigning the residue of the estate to the heirs. A distribution of the estate was made, and on July 7, 1981, the probate court entered its order closing the estate and discharging the personal representative.

On July 8, 1981, a last will and testament of Clarence Joseph Lucier was deposited with the Marquette County Probate Court. On June 26, 1981, the will had been found by the purchaser of decedent's home under some carpeting in the home.

On October 1, 1981, the probate court notified former personal representative Jean Graves, potential beneficiary June Meyers, and others of the will's existence. In his letter of notification, Judge Michael Anderegg stated that the will would not be admitted to probate:

On November 12, 1981, June E. Meyers petitioned to reopen the estate for the purposes of disposing of the claim previously filed on her behalf and to admit the newly-discovered will to probate. At the December 9, 1981, hearing held on that petition, the court granted the request to

reopen the estate for the purpose of disposing of the unadjudicated claims of June Meyers and Ted Becklund, but denied the request to admit the will to probate. That order was appealed to the Marquette County Circuit Court, which overruled the probate court. The probate court subsequently entered the order admitting the will to probate and appointing June Meyers personal representative, from which order appellant Jean Graves now appeals.

We find that the order admitting the will was proper under MCL 700.173(5); MSA 27.5173(5), which provides as follows:

"After final distribution of an intestate or testate estate, a will, or another will if 1 is admitted to probate, shall not be admitted to probate, except if the personal representative or an interested party commits wilful fraud or gross negligence".

Gross negligence was committed by Jean M. Graves as personal representative by her filing of the final account prior to any disposition of the claims filed against the estate by June Meyers and Ted Becklund and her failure to give notice of the hearing on the final account to Meyers and Becklund as interested parties. MCL 700.117(1), 700.563(1), 700.564(1); MSA 27.5117(1), 27.5563(1), 27.5564(1); PCR 102.1, 109.2(7).

We cannot agree with Graves' contention that § 173(5) of the Revised Probate Code, quoted above, permits admission of a newly-discovered will after final distribution only where the wilful fraud or gross negligence was related to the newly-discovered will itself. The phrase "wilful fraud or gross negligence" is not so qualified in the statute. While we need not define the exact scope of § 173(5), we hold that it does extend to gross

negligence of a nature which causes the closing of the estate to be improper.

In *Buss v Buss,* 75 Mich 163, 166; 42 NW 688 (1889), the Court stated:

"An estate cannot be held to be fully settled, and the executor's or administrator's duties as such closed, until he has paid the debts of the estate and the legacies provided for in the will, and filed with the judge of probate, in some form, evidence of those facts".

Under MCL 700.563(2); MSA 27.5563(2), a probate court is to close an estate and discharge the fiduciary only upon allowance of the final account and a showing that "all presented claims, taxes, devises or other charges for which the estate is liable were paid". Here, such a showing was not made since the claims filed on behalf of Meyers and Becklund were never adjudicated and, hence, the probate court could not even ascertain whether, much less conclude that, all presented claims for which the estate was liable had been paid.

Finally, we note that the personal representative's gross negligence in filing the final account and permitting closing of the estate prior to adjudication of the Meyers and Becklund claims was not necessarily unrelated to the post-closing submission of the will; adjudication of those claims could possibly have delayed closing of the estate until after July 8, 1981, when the will was deposited with the probate court.

Affirmed; no costs, a novel statutory question of public significance being involved.