Orrin Rice and another *vs.* Charles E. Dickerman.

December 19, 1861.

Constitution—Limitation of Suits Attacking Probate Sales.—It is competent for the legislature to provide a reasonable limit as to time within which sales by an administrator, under the license of the probate court having jurisdiction, may be attacked or questioned by the heirs of a deceased land-owner for defects or omissions in the proceedings.

Estates of Decedents—License to Sell Real Estate Held in Common —Partition after License and before Sale.—Where land held in common was partitioned after a license of the probate court to sell an undivided interest therein was issued, and before the sale in pursuance thereof, *held*, that the license was not invalidated by the partition, but that jurisdiction attached to the land set off to the heirs, which the administrator might thereafter proceed to sell upon due notice.

Same—Description in Notice of Sale—Five-Years Limitation.—And where the notice of sale under the license contained a proper description of the lands so set off in severalty, but did not distinctly refer to or con-

nect the same with the description of the undivided tract previously held in common, but was otherwise complete and regular, and the sale made in pursuance thereof was duly confirmed and deed given, *held*, an "administrator's sale," within the intent and meaning of Gen. St. 1878, c. 57, § 50, and hence cannot be questioned after the five-years limitation therein provided.

Appeal by plaintiffs from an order of the district court for St. Louis county, refusing a new trial after a trial before *Stearns*, J., and judgment ordered for defendant, in an action to determine adverse claims to a vacant lot in the city of Duluth.

*S. A. Reed* and *Wm. Hammons*, for appellants.

*White, Reynolds & Schmidt* and *R. R. Briggs*, for respondent.

VANDERBURGH, J.　Orrin W. Rice died in the year 1859, seised of "an undivided fifteen acres of land in the northeast quarter of section 33, township 50, range 14, in St. Louis county." This quarter-section was owned jointly with him by several other parties as tenants in common. Letters of administration upon his estate were duly issued in 1868, and thereafter, on the 26th day of November, 1869, the administrator was duly licensed, by the probate court having jurisdiction in the premises, to sell the real estate above mentioned, together with other tracts and parcels of land, to pay debts. After the license was granted, and before the sale in pursuance thereof, the quarter-section in question was platted into lots and blocks, and a plat thereof was filed in the office of the register of deeds of St. Louis county; and thereafter, but before the sale under the probate license, an action for the partition of the same was brought, in which all the owners were made parties, including the heirs of Orrin W. Rice, and such proceedings were had therein that there was assigned and set over to them, as and for their share of the land, in lieu of the undivided 15 acres owned by them, about 74 lots in severalty, according to the recorded plat above referred to, including the lot in controversy here. The administrator's license was afterwards renewed by the probate court, and it is found that "thereafter, on the 27th day of September, 1871, pursuant to notice duly and legally posted and published, the administrator *sold* all the real estate described in said license, pursuant to notice theretofore given, and said

notice, in lieu of describing the said undivided fifteen acres as it was described in said original petition and license, described the lots that had theretofore been set off to the said heirs of Orrin W. Rice by the said final judgment in partition, and did not otherwise refer to or describe said fifteen-acre tract." The lot involved in this suit, with other lots, was sold at that sale. The sale was confirmed, and deeds executed to the several purchasers, and the defendant herein, through mesne conveyances, acquired all the title and interest in the lot in question of the purchaser thereof under the administrator's sale and deed, and purchased the same in good faith and for a full consideration. The administrator's account was duly rendered and approved, and the trust finally terminated. The plaintiffs, as heirs of Orrin W. Rice, claim title to the lot in controversy, to wit, lot 246 in block 32, Duluth proper, second division, under the judgment in partition, and bring this action against the defendant, claiming under the administrator's sale. The plaintiffs contend that the title of the heirs was not divested by the administrator's sale, and the defect complained of is the variance between the description of the lands contained in the license to sell and that contained in the notice under which the lots in question were sold.

The probate court had jurisdiction over the estate of Orrin W. Rice, and such jurisdiction continued until the final discharge of the administrator. It was not affected by the partition. It followed and attached to the lands set off in severalty in place of the land held in common and undivided. The partition defined the interest and severed the possession of the several tenants in common. The license was regular, and the partition was lawfully made. The license was not avoided or affected by the partition. It was not necessary to procure a new one. It was still operative, but could only operate upon the land held by the heirs, and the administrator could proceed to sell upon proper notice. *Culver* v. *Hardenbergh,* 37 Minn. 225, 237, (33 N. W. Rep. 792.)

The evidence is not returned, but from the facts found, as above stated, we may presume the notice of sale was in pursuance of the license and in due form, unless the insertion of the platted lots, instead of the original description of the undivided tract, made it de-

v.47m.—34

fective and insufficient. We cannot infer that the notice did not refer to the license and the partition, and properly connect therewith the description of the lots therein contained. It is only found that the notice did not expressly mention "the undivided 15 acres," but it is also found that the land described in the license was sold by the description of the lots set off in partition to the heirs, upon notice otherwise sufficient. But conceding that the notice of sale did not refer to the partition, or connect on its face the description of the lots with the land described in the license, it was nevertheless a sale made by the administrator in the course of the administration, founded upon the license, and the sale and proceedings thereon were afterwards duly confirmed. We doubt if the sale was void so as to subject the same to collateral attack, even within the five years mentioned in Gen. St. 1878, c. 57, § 50; but, waiving this, it is admitted that the five years had run long before the commencement of this action. It was a sale by an administrator within the intent and meaning of that section, and cannot now be impeached or questioned by the plaintiffs. It is entirely competent for the legislature to provide a reasonable limit within which such sales may be attacked for omissions or irregularity in the proceedings of administrators under the license of the probate court having jurisdiction. The question is fully covered by cases in our own court. *Spencer* v. *Shehan,* 19 Minn. 292, (338;) *Smith* v. *Swenson,* 37 Minn. 1, (32 N. W. Rep. 784;) *Streeter* v. *Wilkinson,* 24 Minn. 288; Cooley, Const. Lim. (6th Ed.) 447.

Order affirmed.