# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

BYRON M. SMITH, Administrator, *vs.* NELS SWENSON.

May 12, 1887.

Guardian's Sale of Land — Irregularities — Limitation of Action by Ward.—Where there was a sale of real estate in fact by a guardian under license from the proper probate court, however irregular or erroneous the sale proceedings may be, the limitation upon an action to recover .the property, prescribed in Pub. St. 1858, *c.* 38, § 22, (Gen. St. 1878, *c.* 57, § 50,) applies.

The plaintiff, as administrator of the estate of Sophia Cournoyer, deceased, brought this action in the district court for Kandiyohi county, to recover the possession of certain land in that county, alleged to have been owned by the deceased at the time of her death. The defendant claims title under a sale of the land made by the guardian of Sophia Cournoyer in the year 1863. The action was removed for trial to Ramsey county, and there tried by *Simons*, J., without a jury. The facts found are recited in the opinion, and the conclusions of law are as follows:

"First. That said sale of said land by said guardian was ineffectual to vest the title thereto in said Sanford A. Hooper, *first*, because said

v.37 M—1

sale was made in the county of Scott and not in the county of Kandiyohi, the place designated by statute therefor. The probate court had no power to direct that said sale be made in Scott county, and said license was null and void. *Second,* because before making said sale, said guardian did not take the oath prescribed by statute.

".Second. The indorsement made by said probate court upon said report of sale as above stated was not the entry of an order ratifying and confirming said sale within the meaning of section 2, of chapter 45, Laws of 1864, and the provisions of said section do not apply to this case.

"Third. That said above-described land belongs to the estate of :the said Sophia Cournoyer, deceased; that the defendant has no right, title, or interest therein or thereto; that his possession thereof is wrongful and unlawful; and that the plaintiff, as administrator of :said estate, is entitled to the immediate possession thereof."

Judgment was ordered for plaintiff, a new trial was refused, and :the defendant appealed.

*P. M. Babcock* and *C. A. Willard,* for appellant.

*W. H. Grant,* for respondent.

GILFILLAN, C. J. Ejectment by plaintiff, as administrator of the ,estate of Sophia Cournoyer. The land lies in Kandiyohi county. In 1858, one James Day was appointed, by the probate court of Ramsey county, guardian of Sophia. In April, 1863, said court granted to said guardian license to sell certain real estate belonging to said Sophia, among which was the land in controversy, directing the sale to be made in the county of Scott. Notice of sale was published and posted in the county of Scott. It does not appear that the guardian took any oath before making the sale. The sale was made in the county of Scott, June 22, 1863. One Sanford A. Hooper became the purchaser. The guardian made his report of sale, on which the probate judge made this indorsement: "Examined, approved, and filed July 3, 1863. E. C. LAMBERT, Judge of Probate." No other order confirming the sale was made. On July 10, 1863, the guardian executed to Hooper his guardian's deed, purporting to convey to him the land, and reciting the facts of license, notice, sale, report of sale, and confirmation thereof on July 3, 1863. The deed

was duly recorded November 3, 1863; and by various conveyances defendant succeeded to whatever title Hooper thus acquired, and took possession of the land, August 1, 1885. Subsequently this action was brought. Sophia Cournoyer died intestate September 4, 1867, and on October 6, 1883, plaintiff was appointed and afterwards qualified as her administrator.

At the time this sale was made there was in the statute this provision : "No action for the recovery of any estate sold by a guardian under the provisions of this chapter shall be maintained by the ward, or by any person claiming under him, unless it be commenced within five years next after the termination of the guardianship, excepting only that persons out of the territory, and minors and others under legal disability to sue, at the time when the cause of action shall accrue, may commence their action at any time within five years next after the removal of the disability, or after their return to the territory." Pub. St. 1858, *c.* 38, § 22. This limitation was continued in Gen. St. 1866, *c.* 57, § 46, and in Gen. St. 1878, *c.* 57, § 50, each revision containing the word "first" between the words "shall accrue."

The guardianship was terminated by the death of the ward, in 1867, and no facts are found which would have the effect to extend the time for bringing the action beyond five years from that time. In this case the action was not brought till at least 18 years after that time. The action is clearly barred.

There was a license granted by the court having competent jurisdiction, to wit, the court whose jurisdiction had attached to the matter of the guardianship, and there was a sale in fact under that license; so that, however irregular or erroneous some of the proceedings may have been, it was a sale in fact under the provisions of the chapter. To such sales the limitation was intended to apply. *Spencer* v. *Sheehan,* 19 Minn. 292, (338;) *Holmes* v. *Beal,* 9 Cush. 223.

Order reversed, and the court below will enter judgment for defendant.