HENRY O. CUSHMAN, administrator, *vs.* LUCY R. ALBEE
& others.

Suffolk.    December 3, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Executor.    Devise and Legacy.*

A testatrix having provided, that a certain person should have the use of her
dwelling house for life and on the death of that person the house should fall
into the residue of her estate and be disposed of as provided for the residue,
and having given her two executors power to sell real estate, on the death of
the life tenant after all the estate of the testatrix other than the dwelling house
had been administered and both of the executors had died, it was *held,* that there
was occasion for the appointment of an administrator *de bonis non* with the will
annexed.

LATHROP, J.    This is an appeal, by persons claiming to be
among the residuary legatees and devisees under the will of
Mary Jane Aldrich, from a decree of the Probate Court appoint-
ing Henry O. Cushman administrator *de bonis non* with the will
annexed of the estate of Miss Aldrich.    The ground of the ap-
peal is that the Probate Court had no jurisdiction to appoint
such administrator.    The administrator filed in this court a
motion to dismiss the appeal on the ground that the appellants
were not parties aggrieved by the decree.    The case was heard
on agreed facts by a single justice of this court, and reserved for
the consideration of the full court.

The principal question in the case arises under the will and
codicil of Mary Jane Aldrich.    The testatrix never was married,
and died May 13, 1891.    Her will, dated April 12, 1884, and the
codicil, dated January 13, 1887, were duly admitted to probate.
By her will, after directing that all her just debts should be
paid, she provided in the second clause as follows:  "All the
rest, residue and remainder of my estate, real, personal, and
mixed, I give, devise and bequeath to my mother, Sarah Al-
drich, if she survive me, to have and to hold to her, her heirs,
executors, administrators and assigns forever."

The third clause of the will is as follows:  "If however my
mother should not survive me, then after the payment of my

just debts and funeral charges, I dispose of my property as follows: " Then follow twenty-nine bequests to various persons and institutions, amounting in all to the sum of $89,200. Among the legatees named were Sumner Albee and Sarah Ferris.

After the twenty-nine legacies is the following provision : "Should I not have property enough to pay all the legacies above given in full, I direct that the legacy of twenty thousand dollars above given to Sarah Ferris be paid in full and the residue of my property be divided among the other legatees above named *pro rata*. And should there be more than enough to pay all said legacies in full, I direct that the residue thereof be divided among and paid over to said legatees in proportion to the amount of their several legacies hereinbefore named."

Sumner Albee and Sarah Ferris were nominated as executors. Then follows this clause: "And I give unto my said executors or whoever may execute this will, full power and authority to sell and convey, either at public or private sale any and all real estate as well as personal property I may own or have any interest in at the time of my decease, and to make, execute, and deliver, any and all necessary or proper deeds and other instruments of conveyance thereof."

The codicil, after stating that the testatrix ratified and confirmed her will except as it might be changed by the codicil, proceeded as follows : " In addition to the provision made in said will for my friend, Sarah Ferris, I give to her, provided I survive my mother, the use and improvement of my house numbered 216 Newbury Street in said Boston, in which we now reside, together with all the furniture, fixtures and articles of household use or ornament, belonging to me which may be in said house at my decease, during the remainder of her natural life, provided she shall reside in said house and make it her permanent home, and keep said house in good repair and pay all the taxes which may be assessed upon the same. And at her decease and before that event if, and whenever she shall have abandoned it as her permanent home, said house, furniture, fixtures and articles of household use shall fall into the rest and residue of my estate and be disposed of as is by said will provided for the disposal of said rest and residue."

The inventory of the estate of the testatrix showed assets to

the amount of $64,000 in personal estate, and about $62,000 in real estate, including the house in Newbury Street mentioned in the codicil, inventoried at $22,000. Sumner Albee and Sarah Ferris Devlin, named in the will and codicil as Sarah Ferris, were duly appointed executors. In accordance with the provisions of the codicil, Sarah Ferris Devlin, immediately upon the death of the testatrix, entered into the possession and enjoyment of the estate in Newbury Street, and continued in possession of it until her death on March 1, 1902. While so in possession, she fulfilled all the requirements of the codicil. At the death of the testatrix there was in the house in Newbury Street no furniture, fixtures or articles of household use or ornament belonging to the testatrix. Sumner Albee died January 11, 1893.

All pecuniary legacies have been paid in full, and a balance of about $40,000 was distributed among the legatees in proportion to their respective legacies. The debts due have been paid, and all charges of administration.

The question of law on this branch of the case is whether any reason exists for the appointment of an administrator, and this depends upon whether anything remains to be done in execution of the will.

It seems to us very clear that something does remain to be done under the will. By the terms of the codicil, on the death of Sarah Ferris, the house was to fall into the rest and residue of the estate of the testatrix, and was to be disposed of as provided in the will for the disposal of the rest and residue. The will determines how this rest and residue is to be disposed of, namely, to be divided among and paid over to the legatees in proportion to the amount of their legacies. Full power is given to the executors " or whoever may execute this will," to sell the real estate. We have no doubt that the administrator was properly appointed, and that he has the power to sell the house in Newbury Street, and divide the net proceeds among the persons or institutions entitled thereto.

We have not found it necessary to decide the motion of the appellee to dismiss the appeal on the ground that the appellants are not parties aggrieved. The result is the same whether the decree be affirmed for the reasons already stated, or whether the contention of the administrator that the appellants are not parties aggrieved is sustained.

The original appellants were the wife and children of Sumner Albee, who, as we have stated, died before Sarah Ferris Devlin. Mrs. Albee died pending the appeal, and is represented by her administrator. The contention of the appellee is that as the house in Newbury Street fell into the residue on the death of Sarah Ferris Devlin, the representatives of Sumner Albee are not entitled to share in the estate in Newbury Street, or in the proceeds thereof; or, in other words, that the legacy lapsed. It appears however that there are other legatees who died before Sarah Ferris Devlin, whose representatives may desire to be heard upon this question. They may have been entirely willing that an administrator should be appointed, and yet not willing to agree to the view of the administrator as to the distribution of the proceeds of the estate. The affirmance of the decree of the Probate Court leaves this question open. It can be raised by the administrator by proper proceedings to obtain the instructions of the court.

*Decree affirmed.*

*A. A. Wyman,* for the appellee.
*F. G. Cook,* for the appellants.