GINA BORENSON HANSON v. MATHIAS B. NYGAARD.[1]

July 3, 1908.

Nos. 15,547—(83).

**Jurisdiction of Probate Court.**

The jurisdiction of the probate court over the estate of a deceased person attaches when its general jurisdiction is invoked by the presentation to the court of a proper petition by some person entitled to take such action.

**Same—Publication of Citation.**

The failure to give proper notice to interested parties of the hearing on a petition for the appointment of an administrator, by the publication of the citation for the full time required by the statute, is an irregularity which renders the subsequent proceedings voidable and subject to be set aside on motion or appeal.

**Same—Not Jurisdictional.**

But the giving of such notice, by the proper publication of the citation, is not necessary in order to confer jurisdiction over the estate upon the court, and therefore the validity of the subsequent proceedings cannot be questioned in a collateral proceeding.

**Validity of Proceedings—Collateral Attack.**

Upon the presentation of a petition for the appointment of an administrator, the probate court issued a proper citation, and it was published three times in a legal newspaper. The time of the hearing was improperly set for two days previous to the expiration of a legal publication, and on the date named the administrator was appointed. Subsequent proceedings, which were in all respects regular, resulted in the sale of the real estate and the final closing up of the estate. Ten years thereafter, one of the heirs at law, who had not appeared in the proceedings, filed a petition for administration on the estate, ignoring the previous administration on the theory that the appointment of the administrator

[1] Reported in 117 N. W. 235.

was void because of the failure to give the proper notice of the hearing on the petition for the appointment of the administrator. *Held* that, as the publication of the notice was not jurisdictional and the appointment of the administrator therefore only irregular, the question of the validity of the proceedings cannot be raised in this collateral proceeding.

### Sale of Real Estate by Administrator.

The sale of the real estate, which was the only property belonging to the deceased, by the administrator appointed under such circumstances, is not subject to attack in an action brought by the heir after the lapse of five years from the date of sale. This sale was an administrator's sale, within the meaning of R. L. 1905, § 3776.

In the matter of the estate of Bore Anderson, deceased, the probate court of Lincoln county denied a petition of Gina Borenson Hanson for letters of administration thereon. From the order denying the petition, petitioner appealed to the district court for Lincoln county. Upon the files and records in the case, and stipulated facts, the matters in issue were submitted to the court, Quinn, J., who, acting for the judge of the Ninth judicial district, made findings and ordered judgment in favor of respondent. From the judgment entered pursuant to the findings, petitioner appealed. Affirmed.

*John T. P. Power* and *R. F. Schulz,* for appellant.

*John McKenzie,* for respondent.

ELLIOTT, J.

Upon this record we are required to determine whether the failure to publish the notice of hearing upon a petition for the appointment of an administrator for the required time before the hearing (sections 4480 and 4719, G. S. 1894) prevented the probate court from acquiring jurisdiction to appoint an administrator and rendered null and void all proceedings thereafter had, including the sale of real estate by the administrator under the license and direction of the court. The facts were stipulated:

Bore Anderson died intestate February 8, 1893, leaving as his sole heirs at law four children, of whom the appellant, Gina B. Hanson, was one. At the time of his death Anderson owned certain real estate in Lincoln county, Minnesota, and that apparently was all the property which he possessed. On May 10, 1893, M. B. Nygaard, who is respondent in the present action, filed a petition in due form in the

probate court of Lincoln county for letters of administration upon the estate of Anderson, pursuant to section 4479, G. S. 1894. Thereupon the probate court made an order designating the time and place for hearing the petition and the newspaper in which notice thereof should be published. The notice was published in a legal newspaper in the county on the 17th, 24th, and 31st days of May, 1893, and due proof thereof was filed in the probate court. Gina B. Hanson then resided in Norway, and was not served with notice of the proceedings, and did not at any time appear therein. On June 5, 1893, the day set for the hearing of the petition, the probate court appointed Lars J. Fjeseth administrator, and he therefore duly qualified as such. Within the time fixed for filing claims against the estate, Nygaard filed a claim for $1,560, which was duly allowed. The real estate was thereafter sold to Nygaard, who was the highest bidder, for $1,660. The sale was duly reported to the court, and on October 4, 1894, the sale was confirmed by the court, and the administrator directed to execute a good and sufficient deed of the real estate to Nygaard, and this was done. On November 22, 1894, the administrator filed his final account, and on December 21, 1894, his report and account was approved, and the administrator discharged. More than ten years thereafter, on December 29, 1904, the appellant, Gina B. Hanson, filed a petition in the probate court for Lincoln county for letters of administration on the estate of Bore Anderson, on the assumption that the former administration was null and void. On the hearing, the court sustained an objection to the appointment of an administrator, on the grounds that the estate had been fully administered, that there was no property in existence belonging to the estate of Bore Anderson, and that, as more than five years had elapsed since the probate of the estate, the statute of limitations had run, and the validity of the sale by the administrator to Nygaard could not be questioned.

But for the fact that the defect in the publication of the notice is stipulated, the question could not be raised in this proceeding, as the presumption in favor of the jurisdiction of the court would be conclusive, under the decision in Davis v. Hudson, 29 Minn. 27, 11 N. W. 136. But it is stipulated that the hearing on the petition was had five days after the date of the last publication of the notice, and it is settled that at least seven days must elapse after the date of the last

publication before the service is complete. Wilson v. Thompson, 26 Minn. 299, 3 N. W. 699; Hartley v. Croze, 38 Minn. 325, 37 N. W. 449; State v. Butler, 81 Minn. 103, 83 N. W. 483. The probate court, therefore, was not authorized to appoint Fjeseth administrator on June 5; but it did so, and thereafter proceeded to the end of the chapter as though the administrator had been legally appointed. The appellant earnestly contends that all the proceedings thereafter were without jurisdiction, and hence subject to attack in a collateral proceeding such as the present. The case turns upon the question whether the probate court ever acquired jurisdiction over the estate of Anderson, because, if it did, the appointment of the administrator without proper notice was an irregularity merely, and the validity of the proceedings which resulted in the sale of the land by the administrator cannot be collaterally attacked.

There are statements in some of the decisions to the effect that the probate court does not obtain jurisdiction over a particular estate until the statutory notice of the hearing of the petition for the appointment of an administrator is given; but no case to which our attention has been called has ever been decided upon that ground. A careful examination of the statutes, in the light of the nature of the jurisdiction of our probate courts, leads us to the conclusion that such a view is incorrect, and that the court has jurisdiction from the time of the filing of the petition for the appointment of the administrator. The constitution of the state confers upon the probate courts general and exclusive jurisdiction over the estates of deceased persons. State v. Ueland, 30 Minn. 277, 15 N. W. 245; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792; Appleby v. Watkins, 95 Minn. 455, 104 N. W. 301; Fitzpatrick v. Simonson Bros. Mnfg. Co., 86 Minn. 141, 90 N. W. 378; State v. Probate Court, 103 Minn. 325, 115 N. W. 173.

This jurisdiction in the abstract is conferred upon the probate courts of the state as a whole; but it can only be exercised by a particular court in a particular instance, and over a particular estate when it has been invoked in the manner prescribed by the statutes. When thus invoked by a person entitled to take such action, the jurisdiction of that court attaches to the estate for the purpose of supervising, directing, and controlling its administration and settlement according to law. Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792. That this was

the legislative intention is at least strongly suggested by the statutory provisions with reference to the institution of proceedings in the probate courts, and particularly by the provision for the appointment of special administrators. R. L. 1905, § 3638, provides that: "Every proceeding in the probate court shall be commenced by petition, briefly setting forth the ground of the application, and signed by or on behalf of the party making the same, and be verified as in the case of pleadings in civil actions."

After the proceeding is thus commenced, and before proceeding further in the matter, notice must be given to interested parties, as required by the statute. If a decedent is a nonresident, and dies either within or without the state, administration may be granted in any county in which he left property or into which any property belonging to his estate shall come. R. L. 1905, § 3627. It is also provided that when jurisdiction is acquired by a probate court it shall preclude the subsequent exercise of jurisdiction by any other probate court over the same matter, except as otherwise specifically provided by law. Section 3626, R. L. 1905. The statute thus contemplates that the court in which the proceedings are first commenced by the presentation thereto of a petition shall administer the estate. The order of priority is determined by the filing of the petition, and not by the subsequent appointing of an administrator. Jurisdiction having been obtained over the estate, the court is required to proceed in the administration thereof in the orderly manner prescribed by the statute.

Further and conclusive evidence that the notice to interested parties was not considered by the legislature as jurisdictional is found in the provision of the statute which authorizes the appointment of a special administrator without any notice whatever. R. L. 1905, § 3702, provides that "whenever the appointment of an executor or administrator is necessarily delayed, or for any reason the probate judge determines that it is necessary or expedient, he may, with or without notice, appoint a special administrator, to take charge of the estate so long as such judge deems it necessary, and no appeal shall be allowed from the appointment of such administrator." Necessarily the court must have had jurisdiction over the particular estate before the statutory publication of the notice to interested parties. After the jurisdiction of the court has been invoked in a particular case by the presentation

of a petition, the court is required to proceed and appoint one or more administrators from the list of enumerated persons. The statute requires that interested parties shall be given the right to be heard upon the question whether the petition for the appointment of an administrator shall be granted. Considerable discretion is given the court in determining who shall be appointed. The surviving spouse, or next of kin, or both, as the court may determine, or some person selected by them, or either of them, must be appointed, if suitable and competent to discharge the trust. If all such persons are incompetent or unsuitable, a matter to be determined by the court, or if the surviving spouse or next of kin neglect to apply for administration, the court may appoint a creditor, if any are competent and willing to serve, or other person who may be interested in the administration. If none of these persons apply for administration within four months after the death of the intestate, letters may be granted to any suitable or competent person interested in the estate by purchase or otherwise. Provision is also made for the appointment as administrator of the consul of a foreign country of which the decedent was a native. The interested persons to whom notice is required to be given have no control over the appointment, and they are required to be notified of the hearing in order that they may have an opportunity to object to the selection of an improper person, and thus aid the court in selecting a proper administrator.

In view of the nature of such proceedings, notice and an opportunity to be heard is a matter of legislative favor, and not essential to the jurisdiction and power of the court to administer an estate. In some states provision is made for the administration of estates by a public administrator, under a system which is inconsistent with the idea that the persons interested in each estate have an inherent right to be heard on the question of the selection of the person who is to administer the particular estate.

The exact question involved in this case was determined by the supreme court of the United States in Simmons v. Saul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054. That action was brought in Pennsylvania, by the descendants of Robert M. Simmons against Saul, to have certain probate proceedings in the state of Louisiana annulled and Saul declared to hold certain lands in Wisconsin as the trustee of

the complainants. It was alleged that in 1830 Simmons died intestate, in Louisiana, seised and possessed of an inchoate right to six hundred forty acres of land in St. Tammany parish. Under the law then in force in Louisiana, the heirs of a decedent became seised and possessed of his whole estate, both real and personal, subject only to their right to renounce the succession and to the right of creditors to require an administration thereof in case of nonaction by the heirs. After the acceptance by the heirs of the succession, no administrator could lawfully be appointed. The parish courts of Louisiana had jurisdiction over the matters of succession, and power to appoint legal representatives and "to supervise the administration of vacant successions." A succession was vacant when no one claimed it, or where all the heirs were unknown, or when all the known heirs renounced the succession. "Vacant successions are managed by administrators appointed by courts, under the name of curators of vacant successions." Civil Code 1870, arts. 1095, 1097. It was provided by the statute that, if a succession was so small or so much in debt that no one would accept the curatorship, the judge of the place where the succession was, after having ordered an inventory of the effects composing it, should appoint a curator of the succession, who should cause the effects thereof to be sold and the proceeds applied to the payment of the debts. This proceeding was only applicable to estates of less than $500. Forty years after the death of Simmons, there being in the meantime no claim to the succession, the parish court declared the succession vacant and appointed the district attorney as administrator. The estate was wound up and the land claim in question sold for $30 to one Foster, from whom it passed, through various conveyances, to Saul. It was contended that the probate proceedings were null and void for several reasons, among which were (a) that no notice was given of the proceedings for the appointment of an administrator, as required by the statute, and (b) that the person appointed was not the public administrator. On the authority of Comstock v. Crawford, 3. Wall. 396–403, 18 L. Ed. 34, and McNitt v. Turner, 16 Wall. 352–363, 21 L. Ed. 341, it was held that the question whether the person appointed was or was not the public administrator, who under the law was the only person to whom administration could be committed, could not be raised in a collateral proceeding. It was

also held that the failure to give the ten days' notice required by the statute did not deprive the court of jurisdiction over the estate, and render the subsequent sale of the real estate by the administrator void for want of jurisdiction to make the appointment. "The history of this provision," says Mr. Justice Lamar, "leads to the conclusion that it was the intention of the legislature that the administration of such small successions should be granted without previous notice, and that the settlement of them should be done in as summary a manner as possible. But even if it be conceded that the requirements referred to do apply, we are of the opinion that, the jurisdiction over the subject matter having attached, any informalities as to notices, advertisements, etc., in the subsequent proceedings of the court, cannot oust that jurisdiction. They are, at most, errors which could be corrected on appeal, or avoided in a direct action of annulment, as expressly provided in the articles of the Code * * *, but cannot be made the grounds on which the decree of the court can be collaterally assailed."

Our conclusion, therefore, is that the jurisdiction of the probate court over the estate of a deceased person attaches when its general jurisdiction is invoked by the presentation to the court of a proper petition by some person entitled to take such action, and that the failure to give proper notice to interested parties of the hearing on a petition for the appointment of an administrator, by the publication of the citation in the manner and for the full time required by the statute, is an irregularity which renders the subsequent proceedings voidable and subject to be set aside on motion or appeal. See Chilton v. Union, 8 Utah, 47, 29 Pac. 963. But the giving of such notice, by proper publication, is not necessary in order to confer jurisdiction upon the court, and therefore the validity of the subsequent proceedings cannot be questioned in a collateral proceeding.

The general rule which is here applied finds further expression in the cases which hold that the letters of administration are, in a collateral proceeding, conclusive evidence of the appointment of the person named therein as administrator (Moreland v. Lawrence, 23 Minn. 85; Pick v. Strong, 26 Minn. 305, 3 N. W. 697; Emery v. Hildreth, 2 Gray, 228; Mutual Ben. Life Ins. Co. v. Tisdale, 91 U. S. 243, 23 L. Ed. 314), and in the rule referred to in Culver v. Hardenbergh, 37 Minn. 229, 230, 33 N. W. 792, which makes the order of license for the sale of real estate by an administrator conclusive upon all prelim-

inary matters, including the fact of the appointment of an administrator, unless the fact of want of jurisdiction appears upon the face of the record. See the cases collected in 18 Cyc. 804, note 25.

Section 3776, R. L. 1905, provides that "no action for the recovery of real estate sold by an executor or an administrator hereunder shall be maintained by any heir or other person claiming under the decedent, unless it is begun within five years next after the sale." Fjeseth was an administrator, although irregularly appointed, and therefore the sale of the land under the license of the probate court was an administrator's sale and governed by the provisions of this statute. Brown v. Pinkerton, 95 Minn. 153, 103 N. W. 897, 900, 111 Am. St. 448; Smith v. Swenson, 37 Minn. 1, 32 N. W. 784; Spencer v. Sheehan, 19 Minn. 292 (338). It is true that this is not in form an action for the recovery of the real estate; but the question is necessarily involved. It is conceded that this land was all the property that was owned by Anderson at the time of his death, and unless the sale to Nygaard is void, and not cured by the statute, the order of the court in denying the petition was correct, because there was no property upon which to administer. The existence of assets is essential to administration. Hutchins v. St. Paul, M. & M. Ry. Co., 44 Minn. 5, 46 N. W. 79. The validity of the appointment of the administrator in the former proceedings cannot be questioned collaterally, and, even if in a proper proceeding it was held to have been made without authority, the validity of the administrator's sale of the land could not be questioned, as the statute of limitations has forever placed the matter at rest.

The judgment of the trial court is therefore affirmed.

A petition for reargument having been filed, the following opinion was filed on July 20, 1908:

PER CURIAM.

Hanson left no personal property. The real estate passed to the heirs, subject to the contingency of it being sold under the order of the court, if necessary, to pay debts, legacies, and the expenses of administration. A petition for license to sell the land was presented to the probate court, and a notice of hearing thereon was duly published and served as provided by the statute. The appellant had proper notice of the proceeding to sell the real estate.

The petition for reargument is denied.