# IN RE ESTATE OF FOSTER DWIGHT BARLOW, DECEASED. APPEAL OF CLAIRE ELIZABETH ANDERSON FROM THE ORDER OF THE PROBATE COURT OF GOODHUE COUNTY v. FRANK ALLEN BARLOW.[1]

May 26, 1922.

No. 22,792.

**Jurisdiction of probate court over estate of decedent.**

1. The probate court acquires jurisdiction of an estate on the filing of a proper petition for administration and such jurisdiction continues until the estate is fully administered.

**Publication of notice in unqualified newspaper.**

2. Publishing the prescribed notice in a newspaper not qualified to publish such notices is merely an irregularity which does not invalidate the orders or decrees of the court.

**Laches fatal to motion to set aside final decree.**

3. Laches bars an application under section 7393, G. S. 1913, to set aside a final decree entered without giving due notice.

Claire Elizabeth Anderson petitioned the probate court for Goodhue county to set aside the final decree and settlement in the matter of the estate of Foster Dwight Barlow, deceased. The matter was heard by Ericson, J., who denied the petition. From the order denying her application, petitioner appealed to the district court for that county where the appeal was heard by Johnson, J., who made findings, reversed the order of the probate court and ordered that the final decree be vacated and applicant allowed to make her appearance in the estate and assert her interest as heir at law. From the order vacating the order and decree of final settlement, Frank Allen Barlow appealed. Reversed.

*T. R. Johnson* and *F. M. Wilson,* for appellant.

*P. B. Green,* for respondent.

[1] Reported in 188 N. W. 282.

Taylor, C.

Foster Dwight Barlow, a resident of Goodhue county and possessed of property therein, died testate February 1, 1905, leaving his wife and two sons surviving him. His will was duly proven and allowed by the probate court of Goodhue county on April 5, 1905, and a final decree distributing and assigning his property in accordance with the terms of the will was duly rendered and entered on April 23, 1906.

In October, 1919, Claire Elizabeth Anderson presented to the probate court a petition in which she recited the proceedings theretofore had in that court beginning with the filing of the will and of the petition for its probate and ending with the making of the final decree and in which she alleged that, "on the 12th day of October, 1869, in a proceeding then pending in the district court for Goodhue county, state of Minnesota, on the application of said Foster Dwight Barlow for the adoption of Julia Fuchia, a minor, a judgment and decree was duly rendered by said district court, changing the name of said Julia Fuchia to that of Julia Augusta Barlow, and adjudging and decreeing said Julia Augusta Barlow to be an heir at law of said Foster Dwight Barlow;" that said Julia Augusta Barlow died intestate November 9, 1897, leaving surviving her as her sole heirs at law two children, the petitioner and George Newton Daniels; that unintentionally and by accident and mistake Foster Dwight Barlow failed to make any provision in his will for the petitioner or her brother; that she has not resided in the state of Minnesota at any time since the probate proceedings were commenced; and "that she had no notice or knowledge whatever of the pendency of said proceedings until long after said decree of final settlement and distribution was made and filed."

She further alleged in substance that the probate court never had jurisdiction of the subject matter of the estate for the reason that the notices of the hearing on the petition for the probate of the will and of the hearing on the petition for the settlement and distribution of the estate were not published in a legal newspaper, and that both the order allowing and establishing the will and the final decree distributing and assigning the property were null and void for the

reason that the court had never acquired jurisdiction to make them. She asked that the final decree be declared null and void and be set aside and vacated and that she be permitted to enter her appearance in the proceedings and to assert her interest in the estate as the child of Julia Augusta Barlow and an heir at law of the testator. The probate court denied her application and she appealed to the district court. That court granted the application on the ground that the newspaper in which the notices had been published was not shown to have been a legal newspaper within the statutory definition thereof. An appeal by a son of the testator brings the matter before this court.

The only objection urged against the probate proceedings is that the affidavits of publication and the affidavit filed with the county auditor fail to show that the newspaper in which the several notices were published possessed the qualifications required by statute to entitle it to publish legal notices. The regularity of the probate proceedings in all other respects is not questioned. Both parties seem to have assumed that whether the newspaper possessed the prescribed qualifications must be determined from these affidavits, and no other evidence as to its qualifications was offered. Both parties also seem to take it for granted that the probate court acquired no jurisdiction of the estate unless the notices were published in a legally qualified newspaper.

In this they are in error. The probate court is given exclusive jurisdiction of the estates of decedents by the Constitution. The proceedings are in rem and the court acquires jurisdiction of a particular estate "when it seizes, the *res*, that is, when it takes control of the estate in the manner and by the means prescribed by law." Under our statutes the probate court acquires jurisdiction of a particular estate on the filing of a proper petition asking it to administer such estate. It is the filing of the petition, not the giving of notice, that confers the jurisdiction; and, if a proper petition be filed, the court has jurisdiction, although no notice be given, or the notice given be defective. Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523; Bombolis v. Minneapolis & St. L. R. Co. 128 Minn. 112, 150 N. W. 385; Fridley v. Farmers & M. S. Bank, 136

Minn. 333, 162 N. W. 454, L. R. A. 1917E, 544; Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792. As said in Hanson v. Nygaard, supra [page 35]: "Notice and an opportunity to be heard is a matter of legislative favor, and not essential to the jurisdiction and power of the court to administer an estate." Failure to give the prescribed notice is merely an irregularity which does not affect the validity of the proceedings or the binding force of the orders and decrees made therein.

In the present case the filing of the petition for the probate of the will gave the court jurisdiction, and the jurisdiction which then attached continued until the estate was fully administered and discharged from probate. Culver v. Hardenbergh, 37 Minn. 225, 33 N. W. 792; Rice v. Dickerman, 47 Minn. 527, 50 N. W. 698; Boltz v. Schutz, 61 Minn. 444, 64 N. W. 48; Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523. Conceding that the notices were published in a newspaper not qualified to publish such notices, the order admitting the will to probate and the decree settling and distributing the estate were nevertheless valid.

Section 7393, G. S. 1913, provides: "Any decree of distribution made without due notice may be set aside, for want of such notice, by the court in which it was entered, upon the petition of any person interested in the property which it purports to assign."

The petitioner, however, rests her case on the proposition that the probate proceedings including the final decree were void for lack of jurisdiction over the estate, and does not rely upon or even refer to this statute, and makes no attempt to excuse the delay of more than 13 years before taking any steps to vacate the decree. The doctrine of laches, although formerly peculiar to equity, now applies to any action or proceeding not governed by an express statute as the distinction between actions at law and suits in equity has been abolished, and applies to applications made under statutes such as this. Brandes v. Carpenter, 68 Minn. 388, 71 N. W. 402; Hanson v. Swenson, 77 Minn. 70, 79 N. W. 598; Coleman v. Akers, 87 Minn. 492, 92 N. W. 408; Dickman v. Dryden, 90 Minn. 244, 95 N. W. 1120; Sweet v. Lowry, 123 Minn. 13, 142 N. W. 882, 47 L. R. A. (N.

S.) 451; Sweet v. Lowry, 131 Minn. 109, 154 N. W. 793; Brockman v. Brockman, 133 Minn. 148, 157 N. W. 1086.

The statement in the petition that the petitioner had no knowledge of the probate proceedings until long after the entry of the final decree is wholly insufficient to relieve her from the charge of laches. That she was barred by laches from any relief under this statute explains why she based her application on the claim that the probate proceedings were void for want of jurisdiction.

Judgment reversed.