## IN RE ESTATE OF DWIGHT C. MARTIN.[1]

March 10, 1933.

No. 29,399.

*F. S. Stewart,* for appellant.
*Shearer, Byard & Trogner,* for respondent.

STONE, JUSTICE.

From a judgment of the district court affirming an order of the probate court appointing an administrator, Wayne P. Martin appeals.

[1]Reported in 247 N. W. 515.

Dwight C. Martin, said to have been a resident either of Anoka or Hennepin county, died testate May 31, 1931. June 10, 1931, Wayne P. Martin filed in the probate court of Anoka county a petition praying for his appointment as administrator of the estate of the deceased, averring in support that the latter was a resident of that county at the time of his death. That petition was set for hearing July 23. Because of the Hennepin county proceedings, to be mentioned next, the probate court of Anoka county stayed proceedings, and nothing further was done there.

Eight days after commencement of the proceeding in Anoka county, Bercile A. Martin filed in the probate court of Hennepin county a petition that he be appointed administrator. That petition was heard July 13, 1931, and granted, notwithstanding that the present appellant appeared and objected to the Hennepin county proceeding because of the pendency of the one in Anoka county. It is from the Hennepin county order appointing Bercile A. Martin as administrator that Wayne C. Martin appealed to the district court, where it was affirmed. Then followed the present appeal.

■ Our probate courts are constitutional courts. Minn. Const. art. 6, § 1. Their "jurisdiction over the estates of deceased persons and persons under guardianship" is conferred by the constitution. Art. 6, § 7. It matters not whether they are to be considered, like the district court (Smith v. Barr, 76 Minn. 513, 517, 79 N. W. 507; 2 Dunnell, Minn. Dig. [2 ed. & Supp.] § 2758) as one court for the whole state or separate courts for each county. The fact remains that their jurisdiction over the subject matter of estates of deceased persons was granted by the constitution and cannot be restricted by the legislature. It can only be fruitful of error, therefore, to consider the question here presented, as between the probate courts of Anoka and Hennepin counties, as one of jurisdiction. For the reasons stated and upon the authorities considered in the second numbered subdivision of the opinion in In re Estate of Davidson, 168 Minn. 147, 210 N. W. 40, we hold the question to be one of venue rather than of jurisdiction.

■ While probate jurisdiction, being of constitutional origin, cannot be restricted, its exercise may be regulated by statute. Culver

v. Hardenbergh, 37 Minn. 225, 33 N. W. 792. G. S. 1923 (2 Mason, 1927) § 8695, provides that wills shall be proved and administration had upon the estates of decedents:

"1. If the decedent, at the time of his death, was a resident of this state, in the county of such residence;

"2. If a nonresident, dying within or without this state, in any county wherein he left property, or into which any property belonging to his estate shall come; and such administration first legally granted shall extend to all the assets of the decedent in this state."

Applying with special force to the question of venue thus dealt with is G. S. 1923 (2 Mason, 1927) § 8694, directing that "jurisdiction acquired by a probate court shall preclude the subsequent exercise of jurisdiction of any other probate court over the same matter, except as otherwise specially provided by law." There is no qualifying provision within the scope of that concluding exception relevant to the present inquiry.

The matter is important and in need of definitive decision, although it would seem that in view of the explicit language of § 8694 no other pronouncement should be necessary. It is to the credit of our bar and probate judges that controversies concerning venue have arisen so seldom or have been so satisfactorily settled below that this court has heretofore never been called upon to pass upon the question. This case presents the issue so insistently that its decision cannot, and in any event should not, be evaded.

In spite of anything that can be done by statute or decision law, controversies are bound to arise, however infrequently, concerning the place of residence of deceased persons leaving estates which must be probated. It was to fix an orderly rule of venue and judicial comity for decision of that issue that § 8694 was enacted to complement § 8695. The purpose is too plain to admit of doubt or justify lengthy discussion. The statute means just what it says. If the jurisdiction of any probate court is invoked by appropriate petition (Hanson v. Nygaard, 105 Minn. 30, 34, 117 N. W. 235, 127 A. S. R. 523) the jurisdiction so invoked "shall pre-

clude the subsequent exercise of jurisdiction by any other probate court over the same matter."

That does not mean that a probate proceeding once commenced in a given county may not be dismissed or otherwise discontinued. It should be dismissed as soon as it is determined that the deceased was a resident of some other county at the time of his death, or, if a nonresident of the state, that he left no estate in the county. It must be presumed that had the Anoka county proceeding been permitted to proceed the question of residence as between the two counties of Anoka and Hennepin would have been there determined in the same manner as it was in the latter county, if the evidence is of the compelling purport claimed for it by counsel for respondent. In any event, however it might have been decided by the probate judge, there was the right of appeal to the district court and to this court.

It would be easy, and productive of some pecuniary saving to the parties, for us to say that, inasmuch as the fact question of residence has been decided by the Hennepin county courts, the judgment should be affirmed. But such condonation of loose practice, particularly where it is in manifest violation of a controlling statute, results ultimately in waste rather than economy. The best way to enforce such a salutary statute is to nullify in a proper case proceedings in violation of it. Hence the judgment appealed from will be reversed and the case remanded for further proceedings not inconsistent with this opinion. All orders of both the district court and probate court of Hennepin county will be vacated, and in the probate court the matter should stand on the petition for the appointment of the administrator, all proceedings there to be stayed until proper disposition is made of the matter in the probate court of Anoka county, and on appeal, if any.

Judgment reversed.

OLSEN, JUSTICE, took no part in the consideration and decision of this case.