DAY *v.* PERE MARQUETTE RAILWAY CO.

1. EXECUTORS AND ADMINISTRATORS—WORDS "DE BONIS NON" NOT ESSENTIAL ON SECOND APPOINTMENT.

   In second appointment of administratrix, words "*de bonis non*" were not essential, and she was entitled to act at point where she left off under former discharge.

2. SAME—COMMON-LAW WANT OF PRIVITY BETWEEN ADMINISTRATOR DE BONIS NON AND PREDECESSOR ABROGATED.

   Common-law want of privity between administrator *de bonis non* and his predecessor having been abrogated by statute, the two administrations are no longer to be considered separate, distinct, and independent in this jurisdiction (3 Comp. Laws 1929, § 15597).

3. SAME—WHEN ADMINISTRATOR DE BONIS NON MAY BE APPOINTED.

   In order to appoint administrator *de bonis non*, it is essential that there has been previous grant of letters and that previous incumbency has actually ended.

4. SAME—UNADMINISTERED ASSETS.

Pending action in name of original administrator is unadministered assets authorizing appointment of administrator *de bonis non*, and such appointment is continuation of same office.

5. LIMITATION OF ACTIONS—PERSONAL INJURIES—EXECUTORS AND ADMINISTRATORS—ADMINISTRATRIX DE BONIS NON.

Where, in action for injuries resulting in decedent's death, verdict was directed against administratrix, and on same day she was discharged and proceedings enrolled, but, on review, verdict was reversed with new trial, and administratrix was reappointed for purpose of prosecuting new trial, statute of limitations, under such circumstances, was not operative; there being no sleeping on rights in case.

Appeal from Gratiot; Searl (Kelly S.), J. Submitted June 27, 1933. (Calendar No. 36,863.) Decided August 29, 1933.

Case by Flora E. Day, as administratrix of the estate of John N. Day, deceased, against Pere Marquette Railway Company for damages for injuries received in a crossing accident resulting in death of plaintiff's decedent. From order dismissing action, plaintiff appeals. Reversed.

*Barstow, Daines & Barstow,* for plaintiff.

*Stanley W. Greene (W. K. Williams,* of counsel), for defendant.

WIEST, J. November 5, 1928, John N. Day, while driving across defendant's railroad track in the city of Alma, was struck by a train and died three days later of injuries so received. November 21, 1928, Flora E. Day was appointed administratrix of his estate, and January 9, 1930, brought this action in behalf of the estate to recover damages. The case came to trial in the circuit court February 25, 1930,

and resulted in a directed verdict in favor of defendant. Upon review in this court there was reversal and a new trial granted in December, 1930. *Day* v. *Railway Co.*, 252 Mich. 589. Mr. Day died intestate, leaving an estate consisting of personal property. December 28, 1928, the administratrix filed an inventory and appraisal of the estate and her final account and asked for distribution and her discharge, and the same day, the heirs at law waiving notice, the account was allowed, and the estate assigned by the probate court. February 25, 1930, the probate court found the estate administered, discharged the administratrix, and the proceedings were enrolled on April 19, 1930.

It will be noticed that February 25, 1930, was the day that verdict was directed in the circuit court in favor of defendant. However, review was prosecuted, and, upon reversal with a new trial, the administratrix moved the probate court to reopen the estate, revive her appointment as administratrix, showing in support thereof that the suit was not at an end and she was mistaken in not mentioning the matter in the final account and in having the administration closed and distribution made. The probate court reopened the administration of the estate and revived the appointment of the administratrix. Thereupon plaintiff moved the circuit court to revive and continue the case against defendant and permit her to prosecute. The court granted such permission but without prejudice to defendant's rights. Later defendant moved to set aside the order and dismiss on the grounds that the suit abated on February 25, 1930; that the statute of limitations (3 Comp. Laws 1929, § 13976) barred prosecution; the estate had been administered, closed, and proceedings therein enrolled and the

orders of the probate and circuit courts were null and void.

The circuit judge was of opinion that the statute of limitations had run before the last appointment of Flora E. Day as administratrix, and dismissed the suit.

The second appointment of plaintiff as administratrix constituted her an administratrix *de bonis non.* The words *"de bonis non"* were not essential. 1 Chatterton's Probate Law, § 957. As administratrix *de bonis non* she was entitled to act at the point where she left off under the former discharge.

The statute, 3 Comp. Laws 1929, § 15597, has abrogated the common law want of privity between an administrator *de bonis non* and his predecessor, and the two administrations are no longer to be considered separate and distinct and independent in this jurisdiction.

That statute provides:

"An administrator, appointed in the place of any former executor or administrator, for the purpose of administering the estate not already administered, shall have the same powers, and shall proceed in settling the estate in the same manner, as the former executor or administrator should have had or done; and may prosecute or defend any action commenced by or against the former executor or administrator, and may have execution on any judgment recovered in the name of such former executor or administrator." 3 Comp. Laws 1929, § 15597.

"If an estate has been partially administered prior to discharge of general administrator, the new administration is an 'administration *de bonis non,*' since the term or title is merely an abbreviation of 'de bonis non administratis,' meaning 'of the goods not administered.'" *McNair* v. *Howle* (syllabus), 123 S. C. 252 (116 S. E. 279).

"It is usually held that the approval of the final report of an executor or administrator and his discharge is not conclusive that the estate has been wholly settled so as to preclude the appointment of an administrator *de bonis non.*" 24 C. J. p. 1144,— citing *Cole* v. *Shaw,* 134 Mich. 499.

In order to appoint an administrator *de bonis non,* it is essential that there has been a previous grant of letters and that the previous incumbency has actually ended. 24 C. J. p. 1142.

A pending action in the name of the original administrator is unadministered assets authorizing appointment of an administrator *de bonis non.* 24 C. J. p. 1146.

The grant of administration *de bonis non* is a continuation of the same office.

There has been no sleeping on rights in this case, but activity in pressing the claim of liability against defendant and participation by defendant in opposition thereto, and it cannot be held that, under such circumstances, the statute of limitations was operative.

The circuit judge is directed to vacate the order dismissing the suit. Plaintiff will recover costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.