[1] Reported in 258 N.W. 584.
Two cases, tried together below and consolidated on appeal, are here for review upon appeals from judgments entered in the court below affirming orders of the probate court of Hennepin county appointing respondent administrator de bonis non in each of the estates of Earl W. and Francis R. Gilroy, deceased war veterans. The facts were stipulated. As both cases are alike in all essential aspects, we shall limit our discussion to the first case, that of Earl W. Gilroy, who died December 30, 1918, intestate, a bachelor, and leaving as his sole heir at law his mother, Elizabeth Gilroy. He was the insured in a policy of war risk insurance issued by the United States in the sum of $10,000, his mother being named the sole beneficiary therein. The proceeds of the insurance contract were paid to the mother in the monthly instalments therein prescribed until her death September 27, 1919. Thereafter the unpaid instalments under the policy were allocated to the next of kin of the deceased soldier in accordance with the federal statutes, the next of kin being three uncles and three aunts. To each of them there was paid the one-sixth share of the monthly instalments until November 21, 1931, at which time Mary E. Lardon, one of the aunts, died. The remaining part of her share was thereupon commuted and became payable to the estate of said Earl W. Gilroy. Later, on June 30, 1932, Robert E. Farr, an uncle of the deceased soldier, died, and that share too was commuted and became payable to the soldier's estate. On August 23, 1932, Desmond F. Pratt was duly appointed administrator of the estate and promptly qualified. Acting in that capacity, he collected the commuted funds thus made available and paid the proceeds, less expense of probate, to the administrators de bonis non cumtestamento annexo of the estate of the soldier's mother. Upon his own petition, having rendered a final account duly approved by the probate court, he was *Page 351 
discharged on February 27, 1933, by appropriate order. On May 18, 1933, Geraldine Cheney and Margaret L. Farr, daughters and sole heirs at law of the uncle William H. Farr, petitioned the probate court for the appointment of C. Arthur Cheney to be administrator de bonis non of the estate of said deceased soldier. On the same day the probate court, without notice to anyone, appointed him such administrator. He promptly qualified. The only assets now available in the estate are the proceeds to be derived from the commuting of the one-sixth part of the unpaid instalments of said policy which remained unpaid at the date of the death of the uncle William H. Farr. Desmond F. Pratt and Joseph W. Farr are the duly appointed administrators de bonis non cum testamento annexo of the estate of Elizabeth Gilroy, the soldier's mother. They are still acting as such and are duly qualified.
Appellant's argument is devoted to the claim that the probate court did not have jurisdiction of the estate of the deceased soldier at the time the order was made appointing respondent administrator de bonis non; that as such the proceedings in that behalf are absolutely without force; that the jurisdiction of that court was finally at an end at the time the final decree was issued and the original administrator discharged. He concedes that the probate court is the only court having jurisdiction of the estates of deceased persons and persons under guardianship. The state constitution so provides. Art. 6, § 7. The legislature is without power to curtail or limit the general jurisdiction thus conferred by the constitution, Dunnell, Minn. Pr. Law, § 21, but its exercise may be regulated by statute. In re Estate of Martin, 188 Minn. 408, 409,247 N.W. 515. Its general jurisdiction attaches at once upon the presentation to it of a proper petition by some person entitled to take such action. Hanson v. Nygaard, 105 Minn. 30,117 N.W. 235, 127 A.S.R. 523; Fridley v. Farmers M. Sav. Bank,136 Minn. 333, 162 N.W. 454, L.R.A. 1917E, 544; In re Estate of Barlow, 152 Minn. 249, 188 N.W. 282; State ex rel. Degen v. Freeman, 168 Minn. 374, 377, 210 N.W. 14. There is no question raised that those who petitioned for the granting of letters of administration de bonis non to respondent were interested *Page 352 
parties and authorized under the statute so to do, nor is there any claim that respondent is not a suitable and proper person to be such. That there are funds, not heretofore administered, belonging to the deceased soldier's estate is not denied. It is also clear that to obtain that fund someone must be appointed by the probate court to act. He likewise concedes that its original jurisdiction was properly invoked and that it had complete jurisdiction at all times during the administration of the estate and until the administrator was discharged. His only claim of error below is founded upon the theory that when the former administrator's final account had been approved and allowed, a final decree entered, and an order made discharging him, that ended the jurisdiction of the probate court. In support thereof he cites State ex rel. Matteson v. Probate Court, 84 Minn. 289, 292-293, 87 N.W. 783, 784, and from it quotes:
"It follows that in cases where a court of probate acquires jurisdiction over the estate of a particular decedent such jurisdiction is ended, and the office of administrator, which depends upon such jurisdiction, becomes functus officio
whenever such estate passes by operation of law from its final control."
We have many cases sustaining that view. See In re Estate of Koffel, 175 Minn. 524, 529, 222 N.W. 68, where the cases are cited. That there was a completion of the proceeding in so far as the then known and available property of the deceased was concerned is clear. As to the same and the proceedings therein had, there was finality. Nothing further was to be or could be done. The property here involved was not before the court for administration or any other purpose. It was a mere contingency or expectancy. No one could determine whether the uncle would live a sufficient length of time to exhaust the monthly payments awarded him under the war risk insurance policy. Had he lived until that fund was exhausted, there would be nothing to revert to the deceased soldier's estate. That fund has now come into existence. What was formerly a contingency is now a certainty. There is property for administration now (but not heretofore) available because of *Page 353 
the death of the uncle. This is what petitioners sought to have administered in the proceedings brought by them to have respondent appointed administrator de bonis non. The petition for his appointment contains all essential facts required to initiate the probate of decedent's property if no prior administration had taken place, and the general jurisdiction of the court would at once attach upon its presentation, even without notice.
"Notice and an opportunity to be heard is a matter of legislative favor, and not essential to the jurisdiction and power of the court to administer an estate." Hanson v. Nygaard,105 Minn. 30, 35, 117 N.W. 235, 237, 127 A.S.R. 523.
The problem for solution is one of procedure, not of substance. Both parties recognize the necessity of action being speedily taken to get the now available fund, but each wants to administer it. Appellant modestly bases his claim to this position thus, as stated in his brief:
"Having once appointed a proper person to hold the office, and nothing to the contrary appearing throughout the administration or since, the advantage to the court and the heirs of having the same person, who is already familiar with the problems and practices of this particular, estate, continue with the administration of new assets, is apparent on its face. The ludicrous spectacle of a spirited race to the court house by persons in the same degree of kinship to the decedents in the present cases every time one of the present recipients of the Wax Risk Insurance benefits dies, should cause thoughtful consideration."
Even if it be granted that appellant is better fitted for the position than respondent, that does not help us in finding a solution to the question. If the court had no jurisdiction to appoint respondent because the prior proceedings had divested that court of further jurisdiction, appellant is in no better position than his adversary. In view of the broad grant of power vested under the constitution in the probate court, we do not believe that, as contended by appellant, its jurisdiction was "terminated, never to be *Page 354 
reinvested except by motion or appeal." As long ago as Wilkinson v. Estate of Winne, 15 Minn. 123, 127 (159) this court said:
"So far as we can discover, there is nothing to prevent the probate court from appointing a second administrator, in case the authority of the first is extinguished, so long as the estate remains unadministered in whole or in part; and it would be very singular if this was not the law." Dunnell, Minn. Pr. Law, § 1158.
In State ex rel. Benz v. Probate Court, 133 Minn. 124,155 N.W. 906, 158 N.W. 234, the syllabus, sustained by the opinion, reads:
"The jurisdiction of the probate court over the estates of deceased persons and persons under guardianship is entire, exclusive, plenary, and, where the jurisdiction has attached, the court has full equity powers necessary to the settlement and distribution of the estate. It may apply the law to the facts whether the law be statutory, common law or the principles of equity."
In Culver v. Hardenbergh, 37 Minn. 225, 233, 33 N.W. 792,796, the court said:
"So far as the statute has prescribed a mode of procedure, the court's supervision and control is to be exercised by doing, when necessary, the things therein prescribed. But the character of its jurisdiction is such that, when necessary to its proper and complete exercise, the court may do things not specified in the statute."
Respondent relies upon 2 Mason Minn. St. 1927, § 8777, for the court's authority to act as it did in the instant case. That section provides that if a sole or surviving executor or administrator dies, resigns, or is removed before fully administering an estate the probate court may, with or without notice, grant letters. The person so appointed is invested with the same authority as that of a general representative. The section mentioned came from G. S. 1894, §§ 4466, 4468, and 4711. In the last mentioned section it was provided that if such representative "is removed, dies, or his authority extinguished," the probate court shall appoint a person or persons "next entitled thereto, to administer such estate not already administered." These sections were consolidated in R. L. *Page 355 
1905 into what is therein § 3701. Our present § 8777 is identical with that section. It is obvious from a reading of the report of the revisers that it was not their intention to change existing law but rather to simplify and condense then existing statutes. See 2 Mason Minn. St. 1927, p. 2145. In the discussion respecting c. 76 which relates to probate courts and their jurisdiction, see same volume p. 2154. There is no suggestion of any attempt or desire to change the then existing law in respect of what has been herein mentioned. "An intent to change the law will not be lightly inferred from a mere change of phraseology in a revision." 6 Dunnell, Minn. Dig. (2 ed. 
Supps. 1932, 1934) § 8961, and cases cited under note 14.
The former representative had finished his job. His authority had ceased. The proceedings had been properly ended. Thereafter the fund now available for administration has come into existence. Necessarily the administration thereof is within the exclusive jurisdiction of the probate court. No other court or other tribunal can have original jurisdiction over it.
In 24 C. J. p. 1142, it is said that "succession to a vacancy in the office being essential to the validity of a grant of administration de bonis non, it is necessary that there should have been a previous grant of letters.
"The appointment of an administrator de bonis non is proper where the original executor or administrator has died, become insane, disappeared, become bankrupt and absconded, resigned, or been removed, or where the original letters have been revoked; and where the marriage of an executrix or an administratrix extinguishes her authority an appointment debonis non is proper."
The discovery of assets subsequent to the discharge of the former executor or administrator affords a sufficient basis for the appointment of an administrator de bonis non. Id. p. 1145.
"It is usually held that the approval of the final report of an executor or administrator and his discharge is not conclusive that the estate has been wholly settled so as to preclude the appointment of an administrator de bonis non." Id. p. 1144. *Page 356 
The supreme court of South Carolina in McNair v. Howle,123 S.C. 252, 267, 116 S.E. 279, 285, explains that an administration de bonis non "is merely an abbreviation of debonis non administratis, meaning 'of the goods not administered.' " On the question here involved the court said [123 S.C. 266, 267]:
"The unrevoked order of discharge in the case at bar, establishing the fact of a vacancy in the office of administrator, furnished the Probate Court with, rather than deprived it of, the essential basis of fact for the appointment of an administrator de bonis non. But is a vacancy in the office of the administrator caused by the discharge of the general administrator such a vacancy as will authorize or warrant the Probate Court in appointing an administrator debonis non? The statute law of the state (Section 3608, Civil Code 1912) provides:
" 'When a sole surviving executor or administrator shall die, the estate in his hands not having been fully administered, it shall be the duty of the Judge of Probate * * * to grant letters * * * of administration de bonis non of the estate.'
"The duty thus expressly imposed upon the Probate Court in case of the death of an executor or administrator does not, as we apprehend, deprive that Court of its plenary jurisdiction, under the broad constitutional and statutory powers conferred upon it * * * to appoint an administrator de bonis non, if otherwise proper, whenever a vacancy occurs in the official representation of a decedent's estate, whether due to death, revocation of letters, discharge, or other cause. 24 C. J. p. 1142, § 2735."
Other cases hearing upon this subject are Cushman v. Albee,183 Mass. 108, 66 N.E. 590, and Ratliff v. Magee, 165 Mo. 461,65 S.W. 713, where the court came to the conclusion that the administrator's discharge was res judicata and that if new assets were discovered the old administration could not be opened and revised but that the proper procedure was for the court to appoint an administrator de bonis non; Birdsall v. Delaware H. Co. (D.C.) 244 F. 594; Day v. Pere Marquette Ry. Co. 264 Mich. 331, 249 N.W. 869; Patchel v. Thompson's Estate,223 Mich. 361, 193 N.W. 852. *Page 357 
We are of the opinion that the probate court had jurisdiction and that the district court was right in affirming its action in making the appointment of an administrator de bonis non.
Both judgments are affirmed.